BIRLANT *v.* CLECKLEY.

1. CHARGE.—The Circuit Judge charged substantially as alleged in the exception.

2. EXCEPTION.—The exception held sufficient.

3. PRACTICE—PLEADING—QUANTUM MERUIT—CONTRACT.—A plaintiff cannot recover for a *quantum meruit* on a complaint setting up a specific contract.

4. CASE DISTINGUISHED.—*Tarrant* v. *Gittelson*, 16 S. C., 231, distinguished from this case.

Before BENET, J., Charleston, March 30, 1896. Reversed.

Action by I. Birlant against M. M. Cleckley, doing business under the name and style of the Folding Trunk Company, upon a special contract for services.

The following is so much of the charge as is necessary to understand the questions:

Although all of you are business men, it may be proper for me to briefly instruct you what is meant by a contract. A contract is an agreement between two or more parties to do some particular thing, or it may be an agreement not to

do some particular thing. The underlying principles of the law of contracts is that it must be an agreement of the minds of the parties, showing that they proposed the same thing, and that they meant the same thing in the same sense. There is no contract or obligation unless the parties assent to the same thing in the same sense. Their consent and intent must be in harmony. Their understanding of the terms of the contract must be the same. They must agree in mind, and this agreement must be binding on both, for without this meeting of minds of the parties, and without this mutuality of obligation, there is no contract. When a contract is in writing, it is the duty of the Court to construe it, and I shall do so later on in my charge. As to the terms of a written agreement, the law does not allow parol evidence to vary or change its terms, but at the same time a contract is not like the laws of the Medes and Persians, fixed and unchangeable, for both parties to the contract, either written or verbal, may, after executing the original contract, agree to alter or modify, or even to rescind or annul, the contract. But the same rule governs here, namely: that it must be shown that they assented to the same alterations or modifications, or rescinding of the contract. There must be the mutual understanding and the mutual obligation.

At this point I shall take up the requests to charge. The plaintiff requests the Court to charge as follows:

I. That in order to rescind, or alter, or modify a partly executed contract, there must be a mutual meeting of the minds, and that there can be no mutual meeting of the minds unless both parties understand the alteration, or modification, or rescission, as affecting the contract in the same way, and they must assent to the same thing in the same sense. I charge you that is the law.

II. That when a written agreement exists, and one of the parties sets up an agreement of a different nature, he must clearly show by the preponderance of the evidence his own understanding, and that the other party had the same

understanding, and must prove a clear and convincing case of actual rescission, or alteration, by reason of reasonable corroborative proof. I so charge you, and state here that the measure of proof demanded of him is the preponderance of the evidence on that point. He must satisfy the jury, not beyond a reasonable doubt, but that is more likely than not that such is the case.

III. That since the burden of proving this contract is on the party alleging it, if this proof is not clearly by the preponderance of the evidence made, then the jury must find that there was no meeting of the minds, and hence no rescission or alteration. I so charge you.

IV. That a person employing another for a definite term is bound to provide him with labor for the whole term, and cannot deduct from the wages of the servant for time that he was not at work, when the failure results from his (the master's) own fault. The fact that the business proves unprofitable is no excuse. If the master chooses to go out of the business, he can do so; but he must pay the servant his actual damages for not employing him for the term. That is the law, and I so charge you.

V. That it is the duty of the master to pay according to the contract, and he cannot, by neglecting to perform his duty in that respect, charge the servant with having waived his right. I so charge you.

VI. That an alteration may be made as to one part of a contract, the part unaltered remaining still in force. That is the law.

VII. That if the jury find there was a parol alteration of the contract, then the alteration and remaining part of the original written agreement form one parol contract. That is the law. It means that if there is evidence in this case that there was a parol alteration of the original contract, an alteration by words, then that alteration, so far as it goes, joined with what was unaltered in the original contract, would be a new contract, and be called a parol contract.

VIII. That if the jury find there was an alteration, and

the alteration was not made as to the time the original con-
tract was to continue, then the new parol contract, con-
sisting of the alteration and the remaining part of the
original written agreement, is void, being a parol contract
for service for the term of five years, and hence within the
statute of frauds.   That is the law.   Under the statute of
frauds, which is in force in this State, it is held that no
action shall be brought on any agreement that is not to be
performed within the space of one year, unless such agree-
ment, or memorandum thereof, shall be in writing, and
signed by the parties thereto.   If you come to the conclu-
sion in this case that there was an alteration as to the orig-
inal terms of the contract, but there was no alteration as
to the five years, then that new parol contract would be
void, because within the statute of frauds.   It would then
be a parol agreement, and no action could be brought on
such an agreement, because the time is more than a year,
viz: five years.

IX.  That an alteration may be made as to one part of a
contract, the part unaltered still remaining in force, and if
the jury find that the new contract was for five years, and
hence, under the instruction of the Court, void, then the
plaintiff is entitled to recover a *quantum meruit* for his ser-
vices.   That is the law.   While he could not bring an action
under the contract, he would be entitled to the value of
his services proved in the case.   So if you come to the
conclusion that there was an alteration consented to by
both of the parties making a new parol contract, but if
you find that alteration did not affect the five years, then
that contract would be void as a contract, but the plaintiff
would be entitled, nevertheless, to recover the value of his
services.

X.  That the construction of the contract is a question
for the Court, and, by the terms thereof, it is submitted
that it went into operation from the date thereof.   That is
the law.   The execution of the contract was August, 1893.
If you believe that these parties did sign this contract on

that day, and did each understand the terms of the contract, and they are presumed to have understood it, unless there is competent evidence from the outside to the contrary, then this contract was binding upon them from the date of its execution. Under the instructions I have already given you, these parties, subsequent to the execution of the contract, could, by mutual consent or agreement, modify, alter or rescind it. But without the light from outside testimony going to show the subsequent alteration or rescinding, the contract stands, and is binding upon those parties from the date of its execution.

The defendant asks the Court to charge the following requests:

I. If an agreement be made which is inconsistent with former agreement, so that they cannot subsist together, the old one is impliedly discharged by the new one. I so charge you.

II. A simple contract may be discharged by a subsequent parol agreement, whether the original contract were reduced to writing or consisted of spoken words. I so charge you.

III. The very moment the meeting of the minds is completed, and it is understood between the parties that the contract is ended now and forever, it is so ended. It may be done by conduct as well as by word. I so charge you, although I should prefer the word "acts" instead of "conduct." With this alteration, I so charge you.

So much, gentlemen, for the law of the case, as embodied in my general charge, and the requests of both parties. You are the sole judges of the testimony. It is for you to say whether the plaintiff has established his claim by the preponderance of the evidence. He charges that the defendant owes him about $1,100 under a contract which he says still exists, on which he says he performed his part to the 21st of January, 1896. He says he has been paid $720 of what is due him, and asks for a verdict for the balance. Before he can get a verdict, he is bound to establish his claim by the greater weight of the testimony. The

burden of proof is upon him. So, also, when the defendant, in her defense, sets up the plea that the contract admitted by her was set aside, she is bound to satisfy you, by the preponderance of the evidence, that it was so set aside; and, to do so, she must show you not only that she understood it to be set aside, but that he so understood. The minds must meet not only in the making of the contract, but in the unmaking of it. She is also bound, by the same measure of proof, to satisfy you that the work he did was done by piece-work, and not under the original contract, and that he has been fully paid. That two-fold defense of the defendant cannot be established, unless she has satisfied you by the preponderance of the evidence. But, even if she fails to establish her defense, that would not necessarily compel you to find for the plaintiff, because he is not relieved, by the failure of the defense, of the burden of proving his complaint. He must prove the allegations of the complaint by the preponderance of the evidence.

Judgment for plaintiff. Defendant appeals.

*Mr. W. H. Thomas*, for appellant, cites 16 S. C., 196.

*Messrs. J. N. Nathans, Jr.*, and *Huger Sinkler*, contra, cite: *Office of exception:* 43 S. C., 99, 115; 24 S. C., 75; 17 S. C., 280. *Amendment to allege quantum meruit:* 16 S. C., 231; 7 Hem., 80; 27 Hem., 452; 83 N. Y., 487; McM. Eq., 317; 14 S. C., 6; 16 S. C., 193.

Feb. 10, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brings this action to recover from defendant the balance alleged to be due him upon a special contract in writing, a copy of which is attached to and made a part of this complaint. The defendant answered, denying each and every allegation of the complaint except that she made the written agreement set forth in the complaint, but she alleges that such agreement was, "in all respects, set aside, and the plaintiff agreed to

and did work for defendant by piece-work, for which he was fully paid." Without undertaking to set forth here all the terms of the written agreement upon which the plaintiff's action is based, it will be sufficient, for the purposes of this appeal, to say that by the terms of such written agreement, the plaintiff stipulated to serve the defendant for the term of five years from the 17th July, 1893, in consideration whereof he was to be paid by defendant a specified sum of money per week for such services, and plaintiff alleges in his complaint that he did so serve the defendant for a time stated, and that after deducting the sum of the payments made to him by the defendant, there remained a balance of $1,100 due him under said written agreement, for which sum he demanded judgment. None of the testimony appears in the "Case," which consists only of the pleadings and the charge of his Honor, Judge Benet, together with the verdict of the jury in favor of the plaintiff for the sum of $296; and from the judgment entered thereon, the defendant appeals upon the single ground: "That his Honor erred in charging the jury that the plaintiff could, under any circumstances, under this complaint, upon a specific contract, recover a *quantum meruit* for his services."

Inasmuch as it is contended that the Circuit Judge did not charge the jury as represented in defendant's ground of appeal, it will be necessary that the charge should be incorporated in the report of this case. Counsel for respondent interpose two preliminary objections to the consideration of the point raised by this appeal, which must first be disposed of. These objections are: 1st. That the Circuit Judge did not charge the jury as represented. 2d. Because the exception fails to point out any specific error of law.

The first objection is to be disposed of by an examination of the charge of the Judge as to the point referred to. It is obvious from the pleadings and the Judge's charge, that one of the issues involved was whether, as alleged by defendant in her answer, the written contract, as set out in the complaint, had been altered by a subsequent

verbal agreement between the parties, and if so, what was
the effect of such alteration.   As to this, the plaintiff, by
his eighth request, asked  the Judge to charge as follows:
"That if the jury find there was an alteration, and the alter-
ation was not made as to the time the original contract was
to continue, then the new parol contract, consisting of the
alteration and the remaining  part of the original written
agreement, is void, being a parol contract for service for the
term of five years, and hence within the statute of frauds;"
to which the Circuit Judge responded as follows: "That is
the law.   Under the statute of frauds, which is in force in
this State, it is held that no action shall be brought on any
agreement that is not to be performed within the space of
one year, unless such agreement, or memorandum thereof,
shall be in writing, and signed by the parties thereto.   If
you come to the conclusion, in this case, that there was an
alteration as to the original terms of the contract, but there
was no alteration as to the five years, then that new parol
contract would be void, because within the statute of frauds.
It would then be a parol agreement, and no action could
be brought on such an agreement, because the time is more
than a year, viz: five years."   Then follows the plaintiff's
ninth request, stated in the following language: "That an
alteration may be made as to one part of a contract, the
part unaltered still remaining in force, and if the jury find
that the new contract was for five years, and hence, under
the instruction of the Court, void, then the plaintiff is enti-
tled to recover a *quantum meruit* for his services."   To this
request his Honor responded as follows: "That is the law.
While he could not bring an action under the contract, he
would be entitled to the value of his services proved in the
case.   So if you come to the conclusion that there was an
alteration consented to by both of the parties making a new
parol contract, but if you find that alteration did not affect ·
the five years, then that contract would be void as a con-
tract, but the plaintiff would be entitled, nevertheless, to
recover the value of his services."   Inasmuch as it is per-

fectly manifest, from the plaintiff's complaint, that he based his action upon a special contract, and the Circuit Judge so said in the outset of his charge to the jury, it is clear that the Circuit Judge, in his charge quoted above, while not using the precise language contained in defendant's ground of appeal, did instruct the jury that under certain circumstances, viz: if the special contract, upon which plaintiff based his action, was void under the statute of frauds, the plaintiff might still recover, in this action, upon a *quantum meruit.* The respondent's first preliminary objection cannot be sustained.

The second preliminary objection—that the exception fails to point out any specific error of law—must likewise be overruled; for it makes distinctly the point that, under a complaint based upon a special contract, the plaintiff cannot recover on a *quantum meruit.* This is not like the cases referred to by counsel for respondent, where the exceptions impute error in laying down propositions of law applicable to given facts, in which case the facts should be stated; for here the exception is based wholly upon the pleadings and the charge of the Judge, both of which are fully set out in the "Case;" and the question presented is, whether, under a complaint based upon a special contract for services to be rendered by plaintiff to defendant at a specified price, the plaintiff can recover upon a *quantum meruit.* This question, it seems to us, is conclusively determined in favor of the appellant by the case of *Fitzsimons* v. *Guanahani Co.,* 16 S. C., 192; for in that case the action was based upon a special contract, and it was held that the Circuit Judge erred in instructing the jury that the plaintiff might recover on a *quantum meruit.* In that case, the late Chief Justice Simpson, in delivering the opinion of the Court, used the following language, which seems quite appropriate to the present case: "The propositions of law then laid down by the (Circuit) Judge, we think, were entirely correct in the abstract, and would have been correct here if this action

had been founded upon a *quantum meruit.* But the action was not founded upon a claim of that kind; it was brought on a special contract alleged to have arisen under the provisions of the Statute of Georgia referred to. This being so, the effect of the Judge's charge was to change the nature of the action, during the progress of the trial, from an action on a special contract, which the pleadings prescribed (described?) and which the parties had met to have adjudicated, to an action on a *quantum meruit,* which did not appear in the pleadings, and which, therefore, was calculated to take the defendant by surprise." The learned Judge then proceeds to say that, possibly, the plaintiff's difficulty might have been removed by amendment; "but there should have been a motion to that effect." Under this case, it scarcely seems necessary to say more. It is very obvious that both the allegations and proofs necessary to sustain a claim under a *quantum meruit* are very different from those necessary to sustain a claim under a special contract to serve another for a specified time at a specified price, for in the former case it is incumbent on the plaintiff to show that he has served the defendant, the length of such service, and what amount his services are reasonably worth, while in the latter case it is only necessary for the plaintiff to show that he has performed his part of the contract. It would, therefore, be manifestly unjust that a party notified to respond to one kind of claim, should be required, in the midst of the trial, to respond to another kind of claim, depending upon issues different from those which he was notified to meet.

The case of *Tarrant* v. *Gittelson,* 16 S. C., 231, cited and relied upon by counsel for respondent, is not in point; for there the Circuit Judge allowed the plaintiff to amend his complaint, originally based upon a *quantum meruit,* by alleging a special contract, while here it does not appear that any amendment was either asked for or allowed. We certainly cannot assume that any amendment of the complaint was either applied for or obtained, as the "Case" shows nothing whatever to that

effect; and, as we have frequently held, this Court cannot consider anything which does not appear in the "Case" as settled or agreed upon for argument here.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial, with leave to the plaintiff to move before the Circuit Court, if he shall be so advised, for such amendment to his complaint as may be deemed proper by that Court.