### 7343

### KING v. WESTERN UNION TEL. CO.

1. EVIDENCE—RECORDS.—A witness who has made only some entries in a book of a telegraph station of messages received and sent out, but who did not see the entries made by others, who reported them to him, cannot prove such record.

2. JUDGE—LETTER—CONTRACT.—MAGISTRATE should have construed the letter from the carrier to plaintiff as not a contract on the part of carrier to pay plaintiff for keeping the office open after closed on account of strike.

3. CONTRACT—QUANTUM MERUIT.—One employed to work on a salary works on a contract, and if he quits work on a strike he breaches the contract and cannot recover in *quantum meruit* in suit on contract.

4. SURETY BONDS.—Under contract that premium of surety bond should be deducted from the wages and any unearned portion repaid employee on quitting employment, the unearned premium may be recovered without cancelling the bond, and it was error here to instruct jury they might consider the amount claimed by obligee on account in deciding whether the bond had been cancelled.

Before WILSON, J., Sumter, July, 1908.   Reversed.

Action by F. L. King against Western Union Telegraph Company, in court of Magistrate H. L. B. Wells. The magistrate charged the jury as follows:

"It is for you to find if the plaintiff is entitled to recover anything in this case—whether he did discharge duties of a general nature.

"The defendant's first request charged.

"The second request refused.

"The third request refused.

"In reference to the fourth request, the magistrate charged the following: 'You can only consider this in deciding whether or not the bond has been cancelled, and whether the Western Union Telegraph Company would be bound by it.'

"I. charge you, if they owe him for any day's service, you can give him what amount you think he is entitled to under the proof as given."

From Circuit order affirming magistrate's judgment, defendant appeals on the following exceptions:

I. "Because his Honor, the Circuit Judge, erred in sustaining the ruling of the magistrate in ruling out the original records and number sheets or log book of the Augusta office, which the manager, Hammell, swore were kept by his direction and under his supervision, and was a true and correct record of his office.

II. "Because his Honor erred in sustaining the judgment of the magistrate in refusing to construe the letter of Manager Peeples to the plaintiff, and in refusing to instruct the jury that this letter constituted no contract between plaintiff and defendant.

III. "Because his Honor erred in sustaining the judgment of the magistrate, in that there was no evidence whatever to show that the indemnity bond was cancelled and discharged, the evidence being to the contrary, and unless the bond was cancelled the jury could give no verdict for unearned premium under the magistrate's charge and the law.

IV. "Because his Honor erred in affirming the ruling of the magistrate, there being no evidence to sustain the verdict for services for a less time and for a less amount than sued for. This was not a suit on a *quantum meruit,* but on a contract which was not proven, and the verdict should be set aside.

V. "Because his Honor erred in sustaining the ruling of the magistrate in refusing defendant's first request to

charge, which was as follows: 'If the jury believe from the evidence that the office of defendant at Sumter was closed from the 12th day of August, 1907, to the 24th day of August, 1907, by the plaintiff, with the notice posted on the door, "closed on account of strike," and that the plaintiff did not transmit and receive for defendant telegraphic messages during that period, or perform the customary duties of the office, the plaintiff cannot recover—unless the jury find there was a contract by which the defendant agreed to pay plaintiff for other services than transmitting and receiving messages, and that such other services were performed;' whereas, he should have charged same as applicable to the case.

VI. "Because his Honor erred in sustaining the ruling of the magistrate in refusing defendant's second request to charge, which was as follows: 'If the jury find that the plaintiff went out of the company's employ on a strike on or about August 12, 1907, then in order for the plaintiff to recover he must show some agreement, a contract of employment with the defendant subsequent thereto, by which defendant agreed to pay plaintiff for such services, which services were actually performed;' whereas, he should have charged same as a sound proposition of law.

VII. "Because his Honor erred in sustaining the ruling of the magistrate in refusing defendant's third request to charge, which was as follows: 'The Court construes the letter of W. G. Peeples, dated August 16, 1907, to F. L. King, plaintiff, and the jury are hereby instructed that they cannot find from this letter any contract or agreement on the part of the defendant to pay plaintiff to keep the telegraph office at Sumter, S. C., open. Before the jury could find that this was a contract to pay the plaintiff they must further find that he was attending to the business of the telegraph office, and I construe this letter of Mr. Peeples to mean not only that he should have kept the office open, but also attended to the business and duties of that office, as

was usual and required in his position as manager;' whereas he should have charged same as applicable to the case.

VIII. "Because his Honor erred in sustaining the judgment of the magistrate in refusing defendant's fourth request to charge, which was as follows: 'I charge you that the item of $9.25 difference between Mr. King and the Western Union Telegraph Company has nothing to do with this case, and the jury must not consider it. No claim for said amount is made by defendant in this case;' whereas he should have charged said request instead of saying this to the jury: 'You can only consider this in deciding whether or not the bond has been cancelled, and whether the Western Union Telegraph Company should be bound by it. I charge you if they owe him for any day's service—that is, the plaintiff—you can give him what amount you think he is entitled to under the proof as given.'

IX. "Because his Honor erred in affirming the magistrate in charging the jury as follows: 'It is for you to find if the plaintiff is entitled to recover anything—that is, whether he is entitled to anything, if he did discharge duties of a general nature;' whereas, this was equivalent to telling the jury they could find on a *quantum meruit;* whereas, he should have instructed them that they could not find on a *quantum meruit* when the plaintiff had undertaken to allege and to prove a specific contract of employment.

X. "Because his Honor erred in not reversing the magistrate and setting aside the judgment, as there was no evidence to sustain same."

*Messrs. Geo. H. Fearons, Nelson & Nelson* and *Mark Reynolds,* for appellant, cite: *Record of the corporation should have been admitted:* Jones on Ev., 1157; Wigmore on Ev., 1895, 1911; 68 S. W., 497. *Magistrate should have construed the letter:* 46 S. C., 220; 66 S. C., 22; 59 S. C., 581; 17 S. C., 480; 24 S. C., 359. *No recovery could be had on quantum meruit:* 48 S. C., 306; 14 Ency., 776; 6 N. H., 481; 24 L. R. A., 231; 1 L. R. A., 827.

*Mr. L. D. Jennings,* contra, cites: *Contract price shows value of services:* 16 S. C., 231.

October 26, 1909. The opinoin of the Court was delivered by

Mr. Justice Hydrick. The plaintiff sues on two causes of action:

1. He alleges that he was employed by the defendant as manager and operator at Sumter, on a salary of seventy-seven dollars per month, and that defendant owes him at that rate, from August 12 to August 24, 1907.

2. That when defendant employed him it required him to give a bond, and deducted the premium from his salary, agreeing to refund any unearned premium, if he did not continue in the service of defendant for the full period of the bond; and that, at the time he quit the service of defendant, one dollar and thirty-four cents of the premium paid was unearned.

The answer of the defendant was a general denial. The case was tried before a magistrate and a jury, and resulted in a verdict for plaintiff for fourteen dollars and twenty-eight cents for salary, and one dollar and thirty-four cents unearned premium on the bond. The defendant appealed to the Circuit Court on exceptions, alleging error in the exclusion of evidence, and in the charge and refusals to charge. The Circuit Court overruled all exceptions, and affirmed the judgment of the magistrate's court, and the defendant appeals therefrom to this Court, on the same exceptions.

The testimony tended to show: That plaintiff was employed by defendant as manager and operator, at its Sumter office, at a salary of seventy-seven dollars per month; that his duties were to attend to all the business of the office, including the collection of accounts, the sending and receiving of telegrams, and keeping the books; that in

August, 1907, there was a general strike of the employees of the defendant.

On August 11th plaintiff wrote W. G. Peeples, assistant superintendent of the defendant, the following letter: "Dear Sir: Owing to the very unpleasant conditions under which I am obliged to work here, I do not care to remain long. Therefore, I would like for you to relieve me at once." On the 16th the superintendent replied: "Dear Sir; I am in receipt of your letter, tendering your resignation on account ·of unsatisfactory conditions in this office. I infer from this that you are still keeping the office open and attending to business, of which I am glad. I understand fully this matter, and as soon as the strike is over I will make such arrangements at Sumter that will be pleasant for you. I trust that you will remain loyal to us, because it will certainly be to your advantage to do so. This strike is uncalled for, absolutely unnecessary, and entirely ill-advised, and there is no doubt as to the final outcome." On August 12th plaintiff made the following entry in the log-book of the office: "Sumter office walked out 4 p. m. (Signed by) F. L. King, manager," and by the other operators and messengers. .Plaintiff testified that, on August 12th, he posted on the door of the office a notice, reading: "Closed on account of strike." The testimony tended to show that, between the 12th and the 24th, no business was done at the Sumter office; that, during that time, a number of persons wanted to send telegrams, but could not do so because the office was closed. Plaintiff testified that, between the 12th and 24th, he was engaged chiefly in collecting accounts; that he kept the office open portions of every day, but did not observe office hours. When asked why he did not attend to the business, he replied: "I considered that I had tendered my resignation:" that the premium for the surety bond was deducted from his salary, and the unearned portion was two dollars. There was testimony that there is still a difference between plaintiff and defendant of nine

dollars and twenty-five cents, claimed by defendant on account of an error in the settlement.

The defendant's requests to charge are correctly set out in the exceptions, which will be reported, together with the magistrate's charge.

There was no error in excluding the number sheets or logbook, offered to show that messages were sent and received at the Augusta office. The witness, Hammell, who undertook to prove them, testified that the entries were made by himself and others; that those made by others were reported to him, but that he did not see them made. Therefore, he could not testify that they were a correct record of the messages sent and received, except from what the persons who made the entries told him, which would be hearsay.

The magistrate should have construed the letter of the superintendent to the plaintiff, and instructed the jury, as requested, that it was not a contract on the part of the defendant to pay the plaintiff to keep the office open. As it was introduced by the plaintiff in connection with and in reply to his letter of resignation, the jury may have inferred that it was a special request to plaintiff to keep the office open, which would entitle him to recover upon a *quantum meruit.*

The magistrate should also have charged the defendant's second request. If the plaintiff quit the service of the defendant on August the 12th, when he posted the notice, "Closed on account of strike," he broke his contract, which he himself said was to serve the defendant, as manager and operator, at seventy-seven dollars per month. He could not recover for services thereafter rendered, except upon proof of a new contract, express or implied. The request stated a correct proposition of law, applicable to the case.

The action is based on contract. The allegation of the complaint is that he was in the employ of the defendant, as manager and operator, at a salary of seventy-seven dollars

per month, which necessarily implies a contract between the plaintiff and the defendant.

"The word 'salary' may be defined generally as a fixed annual or periodical payment for services, depending upon the time and not upon the amount of services rendered." 24 Amer. & Eng. Encyclopædia of Law, 1015.

The suit being upon contract, the magistrate erred in charging the jury that, if the defendant owed the plaintiff for any days' service, they could give him a verdict for whatever amount they thought he was entitled to recover. Under this charge the plaintiff was allowed to recover on a *quantum meruit,* when he had sued on contract, which is contrary to the law, as announced by this Court in *Birlant* v. *Cleckley,* 48 S. C., 298, 26 S. E., 600.

The fifth exception seems to have been taken under misapprehension, for the record shows that the magistrate charged the defendant's first request.

While there was no evidence that the bond had been surrendered or cancelled, or that the conditions thereof had been fully complied with, still that would not prevent plaintiff from recovering the unearned premium, because he testified that the agreement was that, whenever he quit the service of the company, the unearned premium was to be refunded to him. If that was the agreement, he was entitled to have the unearned premium refunded when he quit. The unearned premium may have been refunded to him, and the bond remain in full force and effect for the protection of the company, for any dereliction of duty on his part while he was in its service. The magistrate, therefore, erred in refusing to charge the defendant's fourth request, and in charging that the jury might consider the difference of nine dollars and twenty-five cents in deciding whether the bond had been cancelled, and whether the defendant would be bound by it.

Judgment reversed.