7676

EDWARD & WALTER v. ENTERPRISE BANK.

1. EVIDENCE—SPECIAL CONTRACT—QUANTUM MERUIT.—In an action on a special contract for professional services by architects on allegations that services rendered were reasonably worth the amount claimed, the answer raising an issue on these points and alleging that the price for the services was to be made satisfactory to defendant, evidence as to what services of plaintiff was reasonably worth, and what was paid in same town' about the same time for similar services, is admissible.

2. APPEAL—ADMISSION OF EVIDENCE not objected to on trial and not prejudicial to appellant, if error, is not reversible.

Before C. C. FEATHERSTONE, Special Judge, Laurens, May, 1909.    Affirmed.

Action by Edwards & Walters against Enterprise Bank. From judgment for plaintiffs, defendant appeals.

*Messrs. Dial & Todd, Simpson, Cooper & Rabb,* for appellant.    *Messrs. Dial & Todd* cite: *Evidence of value of services incompetent:* 16 S. C., 192; 22 Ency., 1376-8; 48 S. C., 298.

*Messrs. Nichols & Nichols* and *Richey & Richey,* contra.

September 30, 1910.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.    The plaintiffs, who are architects, brought this action to recover a balance of $571.22, alleged to be due them by defendant for drawing plans and specifications, inspecting and advising as to bids, and supervising the construction of defendant's bank building, alleging that defendant had agreed to pay plaintiffs for their services five per cent. of the gross cost of the building, including ornamental plaster, electric wiring, heating, bank furniture and plumbing; that the gross cost of the

building was $31,424.50. The complaint further alleged that plaintiffs were entitled to receive for their services, under the contract, $1,571.22, and that plaintiffs' services, so rendered, were reasonably worth the said five per cent., but that defendant has only paid $1,000 on their account for said work.

The answer denied the allegations of the complaint; alleged that defendant did engage plaintiffs to draw plans and specifications for a bank building, but that no specific sum was agreed upon for said services, and that plaintiffs promised to make the price satisfactory to defendant; that the work was performed in a dilatory and careless manner and that the sum of $1,000 paid them was sufficient and full satisfaction for the services rendered by plaintiffs, and that defendant owed them nothing.

The verdict and judgment was in favor of plaintiffs for $471.00.

While the exceptions relate to the admission and rejection of testimony, the refusal of the presiding Judge, Hon. C. C. Featherstone, to grant the motion for a new trial, and the charge of the presiding Judge, the controlling question presented is whether under the pleadings it was competent for plaintiffs to introduce evidence as to what their services were reasonably worth, as to what was paid in the same town about the same time for similar services.

Waiving the point that the objections to the testimony were practically withdrawn at the trial by counsel for appellant, we think the testimony was competent.

The general rule is that under a complaint based upon a special contract, plaintiff cannot recover upon a *quantum meruit*. *Fitzsimons* v. *Guanahani Co.,* 16 S. C., 192; *Birlant* v. *Cleckley,* 48 S. C., 306, 26 S. E., 600.

But it does not follow that under a complaint for services based upon a special contract testimony as to the reasonable value of the services is wholly irrelevant and its admission

reversible error. While such testimony may not be admitted *as a ground of recovery,* it is admissible and relevant. when there is conflict as to the existence and terms of the special contract, for the purpose of showing which statement as to the special contract is probably correct. *Tarrant* v. *Gittelson,* 16 S. C., 234, 9 Cyc., 767, and note 74.

In the case at bar the complaint not only alleges a special contract, but contains an allegation that the services rendered were reasonably worth the amount claimed and the answer raised an issue on these matters.

The testimony was therefore responsive to the allegations and issues raised, and hence was also admissible on that ground. 22 Ency., page 1376.

The contention of defendant was that under the contract the price for the services was to be made satisfactory to it. Upon this issue it was competent for plaintiff to show the reasonable value of the services and the usual price paid therefor as tending to show a price which defendant should have regarded as satisfactory.

For these reasons the testimony was admissible.

The exception to the admission in evidence of a certain list showing the items upon which plaintiffs based their charge for services, and items excluded as a basis for such charge cannot be sustained, first, because it does not appear that any objection was made to the introduction of the list; and, second, because we fail to see how defendant was prejudiced.

Exception is taken to the second sentence in the following charge:

"If you find that the plaintiffs have made out to your satisfaction, by the greater weight of the evidence, that this defendant did make an express contract, and that this defendant was to pay them five per cent. on the gross cost of that building, then you find from the testimony what that cost was; get five per cent. of that amount, deduct what has been paid, and write your verdict

for the plaintiffs. If you find, on the other hand, that there was no express contract, and that this defendant here was simply to pay the plaintiffs what the work was reasonably worth, then you find from the testimony what that work was worth; take into consideration the $1,000 which it is admitted has already been paid, and write your verdict accordingly. Of course, if the defendant has already paid as much as the work was reasonably worth, provided you find there was no express contract, there is an end of the case and you write your verdict for the defendant."

As the pleadings raised an issue as to the reasonable value of plaintiffs' services and whether full compensation had been made on that basis the charge was not prejudicial to plaintiffs.

The exception that a new trial should have been granted because one of the plaintiffs' attorneys in his argument to the jury brought in foreign and extraneous matter cannot be sustained or considered as there is nothing in the record upon which to base the exception.

The exceptions not directly referred to are either involved in the rulings made or are not deemed of sufficient importance to require further notice.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.