7715

BOWEN v. JOHNSON.

CONTRACT—QUANTUM MERUIT.—A plaintiff suing on a special contract cannot complain of a charge permitting him to recover on a *quantum meruit*.

Before SHIPP, J., Greenville, March Term, 1909. Affirmed.

Action by Olivia V. Bowen, Administratrix of James O. Bowen, against R. E. Johnston. From judgment for defendant, plaintiff appeals.

*Mr. Adam C. Welborn,* for appellant, cites: *The Court erred in giving the jury the law upon quantum meruit:* 48 S. C. 303; 84 S. C. 80.

*Messrs. McCullough & Blythe,* contra.

November 14, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The complaint alleged two causes of action. The first was upon a special contract whereby defendant employed plaintiff to assist in the purchase of 165,553 acres of timber land in Dare county, N. C., and agreed to pay him ten cents for every acre purchased as compensation for his services, the complaint alleging that the purchase of said number of acres was made, and that defendant was due plaintiff $16,555, less $4,000, which had already been paid. The second cause of action was for $265.75, expenses incurred by plaintiff in showing other lands of defendant to prospective purchasers. On the trial counsel for plaintiff reduced his claim in the second cause of action to $65.75. The jury rendered a verdict in favor of plaintiff for $65.75 based upon the second cause of action.

The plaintiff appeals from the judgment entered thereon upon exception to the following charge:

"I charge you further, if the parties made a contract—if you are satisfied the parties entered into the contract set out in the complaint, and you are satisfied that James O. Bowen performed some services required of him, and did not perform all the services, he would be entitled to recover for what would be reasonable compensation for him, and if he has not been paid a reasonable compensation, then he would be entitled to recover such an amount as the services he performed would be reasonably worth."

The error assigned is that the first cause of action is based upon a special contract and therefore it was eror to charge the jury upon a *quantum meruit.*

The general rule undoubtedly is that plaintiff cannot recover upon a *quantum meruit* under a complaint based upon a special contract. *Fitzsimons* v. *Guanahani,* 16 S. C. 192; *Birlant* v. *Cleckley,* 48 S. C. 306, 26 S. E. 600; *King* v. *W. U. Tel. Co.,* 84 S. C. 80, 65 S. E. 944. Hence the respondent might have complained of the charge, but the appellant cannot, because it was too favorable in allowing him to recover upon a special contract even though it should be found that he had failed to perform the stipulated services. The jury were instructed in accordance with appellant's view of the law, that plaintiff would be entitled to recover at the rate stipulated in the contract, if such a contract had been made and the services had been performed.

The judgment of the Circuit Court is affirmed.