## 8866

### CRAWFORD v. RICE & HUTCHINS BALTIMORE CO.

#### (82 S. E. 273.)

MASTER AND SERVANT. CONTRACT OF EMPLOYMENT. APPEAL AND ERROR. EVIDENCE. NEW TRIAL. ARGUMENT OF COUNSEL.

1. In a suit to recover a balance due on an employment contract, on which the only issue was whether under the contract plaintiff's compensation was to be based solely on commissions on his sales or whether defendant undertook that it should at least be a certain amount, evidence as to the salary plaintiff received after he quit defendant's service was properly excluded· for remoteness.

2. The admission or exclusion of evidence on the ground of relevancy or irrelevancy is a matter within the sound discretion of the trial Court, whose judgment will not be reviewed unless unreasonably exercised or abused.

3. Alleged errors not presented to the trial Court in the ·motion for new trial will not be considered on appeal.

4. Where, in a suit to recover a balance due under an employment contract, the complaint alleged that plaintiff served defendant from March 1st until August 1st, and the answer alleged that the relations between the parties terminated on or about August 1st, defendant was not prejudiced by argument of plaintiff's counsel that the complaint alleged that defendant discontinued plaintiff's services in the latter part of July, 1912.

5. Argument of counsel on testimony that had been stricken was not error, where the argument was immediately terminated as soon as counsel's attention was called to the fact that the testimony had been stricken.

6. Misconduct of counsel in argument to the jury is not available for error, unless the Court is asked to rule thereon and to instruct the jury to disregard the same.

Before RICE, J., Laurens, April, 1913.   Affirmed.

Action by J. W. Crawford against the Rice & Hutchins Baltimore Company to recover compensation due under contract for services as salesman. From judgment for plaintiff, defendants appeal. The facts are stated in the opinion.

*Messrs. Richey & Richey,* for appellant, cite: *Testimony as to value of services relevant on issue of credibility of*

*witnesses:* 16 S. C. 231; 66 S. C. 135; 87 S. C. 84. *Argument of counsel based on excluded testimony objectionable:* 75 S. C. 342; 97 S. C. 236.

*Messrs. Simpson, Cooper & Babb,* for respondent.

July 4, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued to recover the balance due him by defendant on a contract for services rendered as traveling salesman. Both parties alleged and relied upon a special contract. The only difference between them was as to the compensation agreed upon. Plaintiff testified that he was to get 5 per cent. on all sales, but, if his commission amounted to less than $200 per month, he was nevertheless to get $200 per month. Defendant's testimony was that plaintiff was to get only 5 per cent. on sales made.

The first exception complains of error in excluding evidence as to what salary plaintiff got after he quit the service of defendant. The ruling was correct. 1 Elliott on Ev., sec. 158. If the evidence had any relevancy, it was 1, 2 too remote to afford the basis of a logical inference as to whose contention was correct. Circumstances may have compelled the plaintiff to accept employment at less compensation. On the contrary, he may have gotten more. In either event, the fact would have been so remote as to have afforded only the basis of conjecture, and could have been of no material probative value in determining whose version of the contract was correct. The cases cited by appellant are not directly in point. In *Latimer* v. *Cotton Mills,* 66 S. C. 135, 44 S. E. 559, the plaintiff sued to recover his salary for the whole year, although he had served only one month. It was held that the defendant was entitled to credit for what he had earned or might, by reasonable diligence and effort, have earned during the

year after he was discharged by the defendant.    Therefore
the defendant was allowed to prove what he had received in
other employment.    But in this case the plaintiff sued only
for the time that he actually served.    In the other cases
cited (*Tarrant* v. *Gittelson,* 16 S. C. 231, and *Edward* v.
*Bank,* 87 S. C. 84, 68 S. E. 961) it was held that in actions
on contract for services, where there is an issue as to the
price or compensation agreed on, evidence as to the value of
the services rendered is relevant, not as the ground of
recovery, but merely as tending to establish the probability
or improbability of the contentions of the parties.    But
in neither of those cases was evidence of contracts for
similar services between the plaintiff and other persons
admitted, though it may be conceded that, under some cir-
cumstances, such evidence might be slightly relevant.    But,
as a general rule, it is inadmissible.  1 Elliott on Ev., sec. 183.
In all cases, the admission or exclusion of testimony on the
ground of relevancy or irrelevancy must necessarily be left
to the sound discretion and judgment of the trial Judge,
which is subject to review only when it is unreasonably
exercised or abused.    *Oliver* v. *R. Co.,* 65 S. C. 26, 43 S. E.
307; 1 Elliott on Ev., secs. 147, 148.    The second exception
is based upon a misconception of the testimony.    The
plaintiff testified that he did not begin to work under the
contract until the 1st of April, because he could not get his
samples, through no fault of his, but that his salary began
the 1st of March.    There was, therefore, no error in sus-
taining the verdict which included his salary for the month
of March.    Moreover, the answer admitted that plaintiff
entered upon his duties on the 1st of March.

  The third exception assigns error in refusing to set aside
the verdict, because the plaintiff testified that, under the con-
tract, he was to canvass certain towns in South Carolina
and some in North Carolina, and it appeared that
he had not canvassed those in North Carolina, hav-
ing therein breached the contract.    It is sufficient

to say that the record fails to show that the motion for a new trial was based upon this ground. Moreover, no such defense was set up in the answer, nor does it appear that either the Court or the jury was asked to consider it. Therefore it cannot be considered by this Court.

The fourth exception assigns error in refusing the motion for a new trial, because, in the course of his argument to the jury, plaintiff's attorney stated that the complaint alleged that defendant discontinued plaintiff's services in the latter part of July, 1912, and that defendant had an opportunity to deny the fact, when its testimony was taken *de bene esse,* and had not done so. Defendant's attorney interrupted and requested the Court to instruct the jury that the complaint contained no such allegation. The Court replied that the jury would have the complaint, and could read it for themselves, and see what it contained. In the first place, it does not appear that the motion for a new trial was based upon this ground. But, if it was, it was properly overruled. While the complaint did not allege that the plaintiff's services were discontinued, or that he was discharged, in the latter part of July, it did allege that he served the defendant from the 1st of March until the 1st of August. The answer also alleged that the relations between the parties terminated on or about the 1st of August. It is not perceived, therefore, how the defendant was prejudiced by the statement, or that there was any error in the ruling.

The fifth exception complains of error in refusing the motion for a new trial, because part of the argument of plaintiff's attorney to the jury was based upon testimony which had been stricken out. It does not appear that this was a ground of the motion for a new trial. But, if it was, it was correctly overruled, because the record states that, as soon as attention was called to the fact that the testimony had been stricken out, the plaintiff's attorney ceased to argue along that line.

Besides, the Court was not asked to make any ruling or to give any instruction to the jury with regard to the matter. Moreover, it does not appear that defendant was or could have been prejudiced by this circumstance.

Affirmed.