## 9148

### STATE v. BROWN.

#### (85 S. E. 957.)

CRIMINAL LAW. APPEAL AND ERROR. EVIDENCE.

1. EVIDENCE.—The relevancy or irrelevancy of testimony must be determined by the trial Judge in the exercise of his discretion, and where it does not appear that such discretion was unreasonably exercised or abused his determination will not be disturbed.

2. APPEAL AND ERROR.—Where there is any evidence tending to sustain a verdict, its weight is for the jury.

3. CRIMINAL LAW—EVIDENCE—RELEVANCY—ABUSE OF DISCRETION.—In a prosecution for assault with intent to kill, the Court excluded a question to the prosecutor as to what a third person did when he was charged with a crime. Questions propounded to the father of the prosecutor as to whether he had not heard that another was first accused of the crime were also excluded. *Held,* that the exclusion did not show an abuse of the trial Court's discretion in rejecting relevant testimony.

4. CRIMINAL LAW—EVIDENCE—RELEVANCY.—For the Court to receive in a prosecution for assault with intent to kill, evidence that several *days after the assault shells were found in the public place near* where the assault was committed was not an abuse of discretion.

Before HON. C. J. RAMAGE, special Judge, Camden, Fall term, 1914. Affirmed.

Henry Brown, being convicted of assault and battery of a high and aggravated nature, appeals.

*Mr. W. B. de Loach* submits: *Cross-examination was improperly restricted:* 12 S. E. 626.

*Mr. Solicitor Cobb,* for respondent.

July 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case is an indictment for assault and battery with intent to kill. The appellant was convicted of assault and battery of a high and aggravated nature and sentenced to serve twenty months on the chain gang.

The exceptions will be considered as made:

I. Exception 1: "Because his Honor committed error, it is respectfully submitted, in sustaining the objections of the solicitor to the question put on cross-examination to the prosecutor herein as follows: "When you accused Owens of doing it (the shooting) what did he do? Whereas the said objection should have been overruled and the witness required to answer the said question, the same being on cross-examination of the said prosecutor and as such a test for the reasons why he did not prosecute the man who he first accused of committing the crime charged, the said testimony being relevant and competent to the issues in the case."

In *Crawford* v. *Baltimore Company,* 98 S. C. 123, 82 S. E. 273, this Court says:

"In all cases the admission or exclusion of testimony on the ground of relevancy or irrelevancy must necessarily be left to the sound discretion and judgment of the trial Judge which is subject to review only when it is unreasonably exercised or abused."

It does not appear that the trial Judge unreasonably exercised or abused his discretion. This exception is overruled.

II. Exception 2: "Because his Honor committed error, it is respectfully submitted, in allowing the State to introduce in evidence, over the objection of the· defendant, shells found, as alleged by the prosecutor, several days after the alleged assault in the public place near where the assault is alleged to have been committed, said evidence being irrelevant and the finding of the said shells several days after commission of the crime charged and in a public place, and thus it being impossible to connect said shells·with the crime and the mere declaration of the prosecutor that he so found the said shells being merely a self-serving declaration upon the part of the prosecutor."

This exception is overruled for the reason above stated.

III. Exception 3: "Because his Honor committed error, it is respectfully submitted, in sustaining the objection of the solicitor to the question addressed to· W. F. Truesdell, father of the prosecutor, on cross-examination, as follows: 'Q. He (Owens) was the first accused of doing the shooting? A. I did not accuse any one. Q. But he was accused; you heard of his being accused? Solicitor Cobb: I object; would be hearsay. The Court: I don't think it competent.' Whereas the said question was addressed to the said witness on cross-examination and was for the purpose of getting before the Court and the jury the fact that the witness knew that the said Owens was accused of committing the said offense, and having that knowledge his reasons for not following up the same with the prosecution of the said Owens for the said crime."

For the same reason this exception is overruled.

IV. Exception 4: "Because there was no evidence to sustain· the verdict."

There was evidence to sustain the verdict. Its weight was for the jury.

Judgment affirmed.