15348

STANTON v. YARBOROUGH

(18 S. E. (2d), 326)

446

*Mr. Wm. Smith,* of Florence, for appellants, ▮▮▮

*Messrs. Willcox, Hardee, Houck & Wallace,* and *Mr. George W. Keels,* all of Florence, for respondent, ▮▮▮

January 2, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

I concur with Mr. Chief Justice Bonham in his disposition of the first question discussed in his opinion, but I think the judgment below should be reversed and the plaintiff granted a new trial upon the second issue made by the appeal. This issue is based upon the ground that the lower Court erred in excluding from evidence the plans and specifications of the Player house, from which plans and specifications, slightly changed, the respondent's house was built.

The only point of difference between the parties was the price for which it was agreed the work should be done. The evidence excluded was offered for no other purpose than to enable the jury to decide which of the prices claimed by the respective parties was the true price agreed upon. Of course, the weight of the evidence would be more or less affected by the other circumstances of the case, and be increased or diminished in proportion to the difference between the price claimed and the actual value of the work done and materials used. But it was of some value, as tending to show the improbability of the claim of the defendant, and to aid the jury in arriving at the truth upon the point at issue between the parties. It was, therefore, relevant and admissible for what it was worth in connection with the other evidence in the case.

The apparent disparity, as shown by the evidence, between the value of the work and materials contracted for, and the contract price claimed by the defendant, was sufficient, I think, to render the evidence competent for the purpose of rebutting the evidence of the defendant—that the price agreed upon was less than that claimed by the plaintiff. It was a circumstance tending to weaken the probabilities in

favor of the defendant's claim, and tending to strengthen the probabilities in favor of the plaintiff.

According to the plaintiff's testimony, the house which he built for the defendant was a duplicate of the Player house, with minor changes, and the contract entered into between the parties was based upon the plans and specifications of the Player house. This evidence was offered, not as a ground of recovery, as in *quantum meruit,* but solely as tending to establish what the price actually agreed on was.

In 17 C. J. S., Contracts, § 602, page 1249, the general rule is stated to be that "in an action on an express contract evidence as to the value of the subject-matter, or of the services to be rendered under the contract is inadmissible, unless it is introduced for the purpose of showing whether a controverted contract was entered into, or to establish what the price actually fixed on was."

A like principle is expressed in 13 C. J., Section 975, page 774: "As a general rule in an action on an express contract evidence as to the value of the subject-matter, or of the services to be rendered under the contract is inadmissible, unless it is introduced for the purpose of showing the likelihood of whether a controverted contract was entered into, or to establish what the price actually fixed on was."

The foregoing principle, it seems to me, is sustained by the case of *Edward & Walter v. Enterprise Bank,* 87 S. C., 84, 68 S. E., 961, which was an action on a special contract for professional services by architects. In that case the Court said: "But it does not follow that under a complaint for services based upon a special contract testimony as to the reasonable value of the services is wholly irrelevant and its admission reversible error. While such testimony may not be admitted as a ground of recovery, it is admissible and relevant, when there is conflict as to the existence and terms of the special contract, for the purpose of showing which statement as to the special contract is probably correct. *Tarrant v. Gittelson,* 16 S. C. [231], 234, 9 Cyc., 767, and note 74."

The introduction of the plans and specifications of the Player house would have tended to establish the value of services and the amount of work and material involved, and would have given some support to the contention of the plaintiff as to what was the contract price agreed upon.

Where the disparity between the value of the work contracted for and what is claimed to be the contract price is small, and in the fair range of what different persons might esteem to be a fair value, such evidence would be very slight, but where the difference is very great, and beyond the range of fair difference in judgment, it might be entitled to much weight, and the wider the difference, proportionably stronger would be the evidence furnished by it. The controversy between the parties was as to the price agreed upon for the work and material. The plaintiff claimed that he was to be paid under the contract the sum of $4,350-.00. And the defendant claimed that the contract price amounted to $3,400.00. As I view the case, the excluded evidence, that is, the plans and specifications of the Player house, was admissible as bearing upon the probabilities of the case, as tending to show whose contention was correct.

The judgment of the Court is that the case be reversed and remanded for a new trial upon the grounds stated.

Mr. Associate Justice Baker and Mr. Acting Associate Justice G. Duncan Bellinger concur.

Mr. Chief Justice Bonham and Mr. Associate Justice Stukes dissent.

Mr. Chief Justice Bonham (dissenting) : The complaint in this case alleges, in Paragraph one, that the plaintiff-appellant, on or about the 15th day of September, 1939, entered into an agreement with the defendant-respondent, to erect for respondent a dwelling house in the County of Florence, South Carolina, upon premises described in the complaint, and to furnish all materials, labor, tools and appliances necessary to erect to completion the said dwelling house, and that respondent agreed to pay appellant, upon the

completion thereof, the sum of Four Thousand Three Hundred Fifty and No/100 ($4,350.00) Dollars.

Paragraph two of the complaint alleges that appellant has constructed the house in accordance with the contract, and has duly performed all conditions of the contract on his part to be performed.

The complaint alleges further that the appellant has demanded of the respondent the amount remaining due to him under the said contract, less the sums already paid between September 15, 1939, and November 14, 1939, and that there is now due and owing to him by the respondent the sum of Nine Hundred Fifty and No/100 ($950.00) Dollars, with interest thereon from November 14, 1939; that respondent has failed and neglected to make payment therefor; that on the 16th day of November, 1939, the appellant filed and had recorded in the office of the Clerk of the Court of Common Pleas of Florence County, South Carolina, a mechanic's lien on the said premises. He demands judgment for the sum of Nine Hundred Fifty and No/100 ($950.00) Dollars, with interest thereon from the 14th day of November, 1939.

The answer of the respondent denies each and every allegation of the complaint not specifically admitted; that the appellant and respondent, about the date named in the complaint, entered into a contract whereby the appellant agreed to construct for the respondent a dwelling house upon the premises described, but respondent denies the remaining portions of that paragraph of the appellant's complaint. He admits the construction of the house by the appellant, and he admits that the appellant had been paid thereon only the sum of Three Thousand Four Hundred ($3,400.00) Dollars.

For a further defense, he alleges that at the time mentioned in the complaint, the parties entered into a contract for the construction of a dwelling house for the respondent by the appellant, and that appellant agreed to furnish all the materials, labor, tools and appliances necessary to the erection and completion of the said dwelling house, with the exception of all bathroom fixtures, kitchen fixtures, and all plumbing,

and also all light fixtures, which items were to be furnished and installed by the respondent; and that the appellant was to erect to completion, with the above exception, the said dwelling house, for the sum of Three Thousand Five Hundred ($3,500.00) Dollars; that the respondent has paid to appellant the sum of Three Thousand Four Hundred ($3,400.00) Dollars, leaving a balance due and owing of One Hundred ($100.00) Dollars, as the sole and only liability of this respondent to the appellant; and that he has duly tendered the sum of One Hundred ($100.00) Dollars to the appellant, prior to the bringing of this suit, which has been refused, and he renews the said tender; that during the erection of the said dwelling house, respondent was employed by appellant to work as a laborer on the house at an hourly wage of thirty (30c) cents; that he performed labor in the erection of the house, and that appellant owes him therefor the sum of Twenty-two and 95/100 ($22.95) Dollars, for which he has made repeated demands, but for which payment has been refused; that he prays that the complaint be dismissed, and that he have judgment against the appellant for the sum of Twenty-two and 95/100 ($22.95) Dollars, with interest.

Upon the issues made by these pleadings, the case came to trial before the Honorable E. C. Dennis, presiding Judge, and a jury, and resulted in a verdict for the defendant.

When the case was called for trial, respondent's attorney said: "The $100.00 which we admit to be due, less the $22.00 which you admit—we offer to pay you at this time."

Counsel for appellant said: "We admit the $22.00, but we don't admit the $100.00."

Appellant's counsel moved for a new trial upon these grounds:

"(1) That the verdict was contrary to the overwhelming weight of the evidence.

"(2) That the Court erred in excluding from evidence the plans and specifications of the Player house, from which plans and specifications respondent's house was built, with certain additions set forth in memorandum form, depriving

respondent (Note: It is apparent that the word 'appellant' was meant here instead of 'respondent') from showing what such a house built under these plans and specifications would actually cost, and thereby excluding from the jury their consideration of what such a house probably would cost, and depriving them of this evidence in arriving at who was probably telling the truth, the respondent or petitioner, in respect to the contract price."

The motion for a new trial was denied, and the appeal therefrom comes to this Court upon exceptions which embody only the two grounds upon which the motion for a new trial was made and refused.

We shall not burden the Court with a résumé of the evidence in this case. It covers a wide range, and takes up about seventy pages of the Transcript of Record. We have carefully considered that evidence. It is contradictory and in sharp contrast; we may say that the testimony of the respondent is itself contradictory; but we are mindful of the provision of the Constitution of the State that the jury is the only judge of the facts of the case, and the facts are to be gathered from the evidence. This prerogative of the jury to judge and decide the facts, independently of any opinion of the Court, is jealously guarded by the Court.

This Court has repeatedly said that if there is a scintilla of relevant, competent evidence to uphold a verdict of a jury, this Court will not, indeed cannot, interfere with it.

Appellant's counsel has made an able and plausible argument to the effect that in certain conditions, this Court may interfere, and set aside the verdict of a jury. We have examined the cases to which he refers in support of his proposition. We do not think they uphold his contentions. Some of these cases were decided before the Constitution of this State had put the power to determine the facts of the case in the hands of the jury. It is our judgment that the presiding Judge was compelled by the mandate of our Constitution to submit the facts of this case to the decision of the jury.

The second exception presents the legal question that his Honor erred in excluding from the evidence the plans and specifications of the Player house, from which the house was constructed. It seems that while the parties were negotiating for the construction of a house for the respondent, who had seen a house appellant was then erecting for some other person, respondent informed appellant that he had seen a house in Timmonsville (the Player house referred to by the parties) which he liked, and wanted a house like it erected for him. Appellant looked at the Player house and informed respondent that in order to erect a house such as respondent desired, there would have to be certain changes made in the plans of the Player house. The parties ascertained that the Player house had been erected by the Carolina Building Material Company, and went to their offices and asked to see the plans and specifications which were shown them, but the blue print was not exhibited.

The sharp issue between the parties in this controversy is the price at which the respondent's house was to be built. There was evidence that the Player house cost $5,500.00, and there is no dispute that the house which the appellant was building for another person cost $3,500.00, and there was also evidence that there were certain additions to be made in the house appellant was building for the respondent, to make it conform to the Player house; and there was also evidence that respondent was to supply, and did supply, certain bathroom, kitchen, plumbing and light fixtures. In the effort to refute the evidence given by the respondent and his witnesses, that the parties had agreed upon a price of $3,500.00, appellant's counsel desired to put in evidence the plans and specifications and blue prints of the Player house, which the presiding Judge would not permit.

The appellant, in his brief hereabout, has this to say:

"We come now to the second exception which alleges error to the trial Judge in excluding from the testimony the plans and specifications of the Player house, of which the Yarborough house was a duplicate, precluding Stanton from

putting up witnesses to prove what such a house would actually cost under these plans and specifications and thereby excluding from the jury its consideration of this testimony and of the plans and specifications in arriving at who was telling the truth in respect to the contract price.

"Apparently the trial Judge excluded this testimony under the theory that the action was based on contract and not on *quantum meruit*. We concede that the action was based purely on contract. We wanted to introduce this evidence, not for the purpose of proving reasonable value, but solely for the purpose of having these facts before the jury so that they could ascertain from the testimony and all the surrounding facts and circumstances who was telling the truth as to what the contract price was."

The respondents' counsel objected to this testimony.

It does not definitely appear from the record that the file of the Player house was ever offered directly in evidence, nor does it appear that the trial Judge definitely refused to permit it to be introduced; but it is fairly deducible from the record that the counsel for respondent objected to such introduction, and there was much discussion pro and con on the subject of its relevancy and its admissibility. We may therefore proceed to discuss and decide the question of its admissibility.

It must be borne in mind that this is an action on a contract; and the question of *quantum meruit* does not enter into it. Appellant's counsel says so himself, but he says that the evidence is admissible in order that the jury might determine whether the appellant or respondent was telling the truth relative to the price of the house being built for the respondent. It is admitted that appellant, while on the stand, was allowed to testify, over the objection of the respondent's counsel, that the price of the Player house was $5,500.00; and he was also allowed to testify that the house for respondent could not be built for $3,500.00. Counsel for the appellant states in his argument that he had other witnesses to prove the value of these houses, but these witnesses were

never offered in evidence, and it is useless now to discuss what they would have testified to.

Were these papers admissible in evidence as appellant's counsel states, for the purpose of determining the truth of the testimony of the respective parties? As we have said, we have examined the authorities upon which appellant relies in support of this contention. The two South Carolina cases referred to and relied upon are *Edward & Walter v. Enterprise Bank*, 87 S. C.; 84, 68 S. E., 961, and *Tarrant v. Gittelson*, 16 S. C., 231. It is true that Chief Justice Jones, in delivering the opinion in the case of *Edward & Walter v. Enterprise Bank, supra,* said: " * * * The general rule is that, under a complaint based upon a special contract, plaintiff cannot recover upon a *quantum meruit.* * * * While such testimony may not be admitted as a ground of recovery, it is admissible and relevant, when there is conflict as to the existence and terms of the special contract, for the purpose of showing which statement as to the special contract is probably correct."

It must be borne in mind that in that case the complaint was not only upon a special contract, but that a recovery was asked also on the ground of *quantum meruit.*

Quoting further from the language of Chief Justice Jones in that case: "In the case at bar the complaint not only alleges a special contract, but contains an allegation that the services rendered were reasonably worth the amount claimed, and the answer raised an issue on these matters. The testimony was therefore responsive to the allegations and issues raised, and hence was also admissible on that ground."

It is patent, therefore, that that case is not authority for the position taken by the appellant in this case.

In the case of *Tarrant v. Gittelson, supra,* the action was predicated upon the proposition of recovering for work, labor and services performed by the plaintiff for the defendant as a clerk in his store. The plaintiff offered to prove that the defendant was to pay him $25.00 for the first month, and if he was pleased with his services, $50.00 per month after

the first month. Exception was taken that this proof could not be received, as no special contract was alleged in the complaint. The Judge allowed the plaintiff to amend his complaint alleging a special contract and received the evidence.

Mr. Justice McGowan said in his opinion:

" * * * The fourth and fifth complaint of the admission of testimony as to the value of plaintiff's services. Upon an issue as to the existence or non-existence of a special contract to pay for services at a specified price, testimony generally as to the value of such services was not directly pertinent, but we can see that it might have some small bearing upon the credibility of witnesses as tending to prove or disprove the reasonableness of their testimony. The report of the Judge makes a different case from that indicated by the exceptions. He says: 'Inasmuch as both parties relied upon a special contract, the court endeavored to narrow the argument of counsel to the issue, What contract was made by the parties? This effort may not have been wholly successful; but if the jury listened to the instructions of the court, any argument not strictly upon the issue could have had no weight with them. The jury were instructed to exclude from their consideration the question of the value of plaintiff's services as the ground for a recovery. * * * That all the testimony was before them, and, in coming to a conclusion, such parts of the testimony as would support the statements of the one or the other of the parties as to the contract made should be weighed, and in this connection the wages of clerks generally, or the value of their services, might be considered.'

"Thus explained, and the jury carefully guarded as to the issue, and how the testimony should be considered, we cannot say that there was a material error in admitting it."

It is clear that these cases are not authority for the proposition contended for by the appellant's attorney, nor do we find support for this contention in the authorities quoted from Corpus Juris and Corpus Juris *Secundum*.

Whatever may be the opinion of the Court in relation to the force and effect of the evidence in this case, it is clear to

our minds that the Circuit Judge was bound to submit this case to the jury, and that he committed no error in not admitting the evidence of the plans and specifications of the Player house, and in refusing the motion for a new trial.

The judgment of the Circuit Court should be affirmed.

MR. ASSOCIATE JUSTICE STUKES concurs.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER concur in part.