12487

TURNER *ET AL.* v. BELSER *ET AL.*

(144 S. E., 73)

PLEADING—COMPLAINT IN SUIT TO ENJOIN OBSTRUCTION OF ALLEY AS PRESCRIPTIVE OR PUBLIC HELD NOT TO STATE INCONSISTENT CAUSES REQUIRING ELECTION.—Complaint separately stating causes of action to enjoin obstruction of alley generally as appendant and appurtenant to plaintiffs' property, as prescriptive alley appurtenant and appendant thereto, and as public alleyway along and adjoining plaintiffs' property to which they have a peculiar and valuable property right, *held* not to state inconsistent causes of action requiring election; real cause of action being unlawful interference with easement, whether alley be private or public, and but one recovery being sought.

Before TOWNSEND, J., Richland, April, 1927. Affirmed.

Action by J. T. Turner and others against W. G. Belser and others. From an order refusing defendants' motion to require plaintiffs to elect between causes of action, defendants appeal.

*Messrs. Nelson & Mullins,* and *Melton & Belser,* for appellant, cite: *May not proceed in Court upon theories inconsistent in fact:* 138 S. C., 74; 136 S. C., 231; 130 S. C., 115; 122 S. C., 336; 113 S. C., 440; 128 S. C., 161;

107 S. C., 465; 92 S. C., 1; 68 S. C., 510; 25 S. C., 358; 7 Enc. Pl. & Pr., 361; 20 C. J., 5; 3 Elliott on Cont., 2097; 6 R. C. L., 932–34; 14 A. & E. Enc., 159–60. *Theory of private alleyway excludes theory of public alleyway:* 23 Enc., 34, 43; Words & Phrases, 342; 13 R. C. L., 16. *"Private ways":* 23 A. & E., 3–4, 8–17; 11 S. C., 368; 1 Strob. L., 110; 3 McC., 170; 2 Spear, 15. *"Public ways":* 13 Enc., 350; 1 McC., 67; 15 Enc., 396–404; 2 Bay, 282; 92 S. C., 229; 27 S. C., 549.

*Mr. D. W. Robinson,* for respondents, cites: *As to election of remedies:* 122 S. C., 342; 138 S. C., 78; 9 R. C. L., 957; 16 Fed. (2d), 593; 35 A. L. R., 1166; 144 N. E., 299. *Election of cause of action:* 141 S. C., 176–80; 133 S. C., 330; 132 S. C., 507; 113 S. C., 453; 136 S. C., 235. *One right invaded here:* 79 S. C., 40; 72 S. C., 215; 49 S. E., 99, 128–9. *As to property rights:* 81 S. C., 372; 67 S. C., 524; 49 S. C., 95; 91 S. C., 49; 86 S. C., 543; 123 S. C., 297; 142 S. C., 297; 86 S. C., 541; 82 S. C., 34; 63 S. C., 447; 88 S. C., 196; Sec. 542, Code Proc; 97 S. E., 660; 167 N. C., 660; 60 S. E., 86; 81 S. E., 105; 63 S. C., 444; 19 C. J., 1000; 9 R. C. L., 818; 3 S. C., 72; 143 S. C., 223. *Light and air:* 53 S. C., 515; 67 S. C., 524. *One primary right stated; good:* 112 S. C., 77; Pom. Rem., 452. *Proper to join causes arising out of same act:* 123 S. C., 12; 48 S. C., 79. *Abandonment:* 37 S. C., 327; 2 Dillon Munic. Corp., Sec., 529–533; 57 S. C., 517; 129 S. C., 95; 63 S. C., 448; 67 S. C., 525; 9 R. C. L., 810–14.

July 23, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Townsend, refusing the defendants' motion to require the plaintiffs to elect upon which of two supposed causes of action alleged in the complaint they would proceed to trial.

The plaintiff sued for an injunction to prevent the obstruction of an alley adjoining and appurtenant to the premises and property of the plaintiffs by the defendants. The plaintiffs under three separately stated causes of action set up their claim: (1) Generally as appendant and appurtenant to their property; (2) prescriptive alley, appurtenant and appendant to plaintiffs' property; (3) a public alleyway along and adjoining property of the plaintiffs in which they have a peculiar and valuable property right, easement. The defendants moved to require the plaintiffs to elect between the first and second causes of action on the one hand, and the third, on the ground that they were inconsistent and exclusive, one of the other. The motion was refused, and the defendants have appealed.

The appeal is to be decided upon the question, What was the plaintiffs' real cause of action? It is, as we see it, the unlawful interference with the easement claimed by the plaintiffs. It is immaterial whether the right comes from the private character of the alley, or from its public character. The so-called cause of action are but different statements of the right, as the evidence may develop. But one recovery is sought. The case comes within the principle announced in *Walker v. McDonald,* 136 S. C., 231; 134 S. E., 222:

"Instances may occur, however, where inconsistent causes of action may be united in the same complaint where only one recovery is sought and *the pleader is uncertain what the evidence may disclose.* The authorities sustain the proposition that they cannot be united where they seek separate recoveries, and where, if separately instituted, a case of election of remedies would be presented."

See, also, *Wright v. Willoughby,* 79 S. C., 438, 60 S. E., 971; *Du Bose v. Kell,* 72 S. C., 208, 51 S. E., 692. *Threatt v. Mining Co.,* 49 S. C., 95; 26 S. E., 970; 31 Cyc., 653; 1 C. J., 1075.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.