13030

CITY OF COLUMBIA v. SEABOARD AIR LINE RAILWAY CO.

(155 S. E., 841)

512

December, 1929.

*Mr. J. B. S. Lyles,* for appellant,

*Messrs. E. W. Mullins* and *Irvine F. Belser,* for respondent,

November 19, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the City of Columbia for the purpose of recovering a tract of land known as "Sidney Park," located in that city. The plaintiff states in its complaint two causes of action. By the first cause, it is alleged that the land in question was acquired by defendant's predecessor in interest under attempted condemnation proceedings; that such proceedings were illegal and void; and that the defendant is now unlawfully withholding possession of the property from the plaintiff. By the second cause it is alleged that, even if the condemnation proceedings were legal and binding, the property in question has not been used by the defendant for any of the purposes for which it was acquired, but has been leased in part to private business concerns, and under the law has reverted to plaintiff.

The defendant demurred to the complaint on the ground of misjoinder of causes of action, to wit:

"A. The first cause of action is one *ex delicto,* based upon an alleged original and continuing trespass of defendant, on the theory that the condemnation proccedings, under which defendant's predecessor entered, were null and void and, therefore, conferred no color of right, while the second cause of action is *ex contractu,* based on the theory that the defendant, having acquired a right under the condemnation proceedings to the possession of the property for railroad purposes, has forfeited the right to such possession by reason of its alleged violation of its alleged obligation not to use such property for other than railroad purposes; and

"B. That the two causes of action alleged and separately

stated are utterly inconsistent and destructive, one of the other, and that the plaintiff, by uniting the same, undertakes to occupy inconsistent positions in relation to the facts in the assertion of his alleged right."

The matter was heard by his Honor, Judge Townsend, who, on December 20, 1929, passed an order overruling the demurrer, holding that "while there is a discrepancy in the two grounds, on which plaintiff seeks to recover possession and damages, they are cumulative, and do not require the plaintiff to occupy inconsistent positions." The defendant appeals and imputes error to the Circuit Judge in not holding that the complaint unites two separate and distinct causes of action, one *ex contractu* and one *ex delicto,* "entirely inconsistent one with the other, each destructive of the other."

From a careful consideration of the complaint, and of the authorities cited by both the appellant and the respondent, we think that the Circuit Judge properly overruled the demurrer. While, in form, the complaint states two causes of action, in fact only one is stated. The only primary right of the plaintiff set out in the complaint is its right to undisputed possession and enjoyment of the lands in question, growing out of its ownership thereof; the alleged primary wrong of the defendant, and the only one alleged, is the deprivation of the plaintiff of its possession and enjoyment of such lands, the complaint setting out the methods and acts of the defendant by which the wrong was accomplished and which are included in it. *Wright v. Willoughby,* 79 S. C., 438, 60 S. E., 971; *DuBose v. Kell,* 72 S. C., 208, 51 S. E., 692.

But even if it should be conceded that two causes of action are stated and are in a sense inconsistent, it does not follow, under the authorities cited, that they cannot be joined in the same complaint, if, as it appears in this case, only one recovery is sought and the plaintiff is uncertain what the evidence may disclose. 1 C. J., 1069; 21

R. C. L., 470; *Walker v. McDonald*, 136 S. C., 231, 134
S. E., 222; *Turner v. Belser,* 146 S. C., 369, 144 S. E., 73.
The order appealed from is affirmed.

MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN dissents.