15711

TZOUVELEKAS v. TZOUVELEKAS

(33 S. E. (2d), 73)

*Mr. J. G. Leatherwood* and *Mr. W. E. Bowen,* both of Greenville, S. C., Counsel for Appellant,

*Messrs. Love & Thornton,* of Greenville, S. C., Counsel for Respondent,

February, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court:

The complaint in this case contains three separate causes of action, but we are concerned only with the first two stated.

In the first cause of action the plaintiff alleges that his wife, because of her conduct, should be barred from asserting

any right or title to a certain house and lot on Aberdeen Drive in the City of Greenville, and to certain personal property, the legal title to which is now vested in the wife. It is prayed that this property be impressed with a trust in favor of the plaintiff and the three minor children of the appellant and the respondent.

Plaintiff alleges in the second cause of action that he is the owner of a note in the principal sum of $1,205.00 which is secured by a purchase money mortgage executed by the defendant, covering the same house and lot; and he asks for foreclosure of the mortgage.

The case is here on appeal from an order of the Circuit Court which denied a motion made by defendant to require the plaintiff to elect between the two causes of action, on the ground of inconsistency. The position was taken then, and now, that the first cause of action proceeds upon the theory that title to or ownership of the property is in the plaintiff; and the second cause of action proceeds upon the theory that title to or ownership of the same property is in the defendant.

Certain minor issues are presented by the appeal, but the main contention, and that which will control the decision of the case, is that two inconsistent causes of action are united in the same complaint.

The second cause of action, which sets up the mortgage, might well be said to be the natural outgrowth of the first, in that it relates back to and arises out of the same transaction whereby the appellant acquired title to the property in question, and had practically the same birth (*Cline v. Southern Ry. Co.,* 110 S. C., 534, 96 S. E., 532) ; but this theory seems not to have been raised or presented to the lower Court.

In the well-prepared briefs submitted by counsel for appellant and counsel for respondent, many of our decisions applying the doctrine of election of remedies and joinder of causes of action are cited and discussed.

Election of remedies involves a choice between different means of redress afforded by law for the same injury, or different forms of proceeding on the same cause of action. It is said in *Barfield v. J. L. Coker & Co.,* 73 S. C., 181, 53 S. E., 170, 173: "Election of remedies is the act of choosing between different remedies allowed by law on the same state of facts."

Strictly speaking, the principle of election has no application to this case. The plaintiff states two separate and distinct causes of action, each based upon a different state of facts—one, that the property be impressed with a trust; the other for foreclosure.

Appellant contends that an action which proceeds upon the theory that the title to the property is in the plaintiff, as alleged in the first cause here, is inconsistent with the one seeking foreclosure of the mortgage, which proceeds upon the theory that title is in the defendant. And that the assertion of a lien upon the property is inconsistent with the assertion of title thereto.

Causes are inconsistent so as to preclude their joinder in the same complaint, where to assert one is necessarily to negative the other; or to prove one is to destroy the other, as where one cause of action is an affirmance, and the other is disaffirmance, of a contract. *Stuckey v. Metropolitan Life Ins. Co.,* 195 S. C., 358, 11 S. E. (2d), 391; *McMahan v. McMahon,* 122 S. C., 336, 115 S. E., 293, 26 A. L. R., 1295.

In applying the rule of inconsistency, a distinction is to be observed between cases where the complaint states distinct causes which are so inherently repugnant and contradictory that the assertion of one necessarily constitutes an election, and precludes an assertion of the other; and cases where, if the complaint be regarded as in fact stating different causes of action, only one recovery is sought, and the causes are so stated because of an uncertainty as to which of them

the evidence may establish, or on which it may appear that plaintiff is entitled to recover. *City of Columbia v. Seaboard Air Line Ry. Co.,* 158 S. C., 511, 155 S. E., 841; *Walker v. McDonald,* 136 S. C., 231, 134 S. E., 222; *Turner v. Belser,* 146 S. C., 369, 144 S. E., 73; 1 C. J. S., Actions, § 79, p. 1235.

As pointed out by the lower Court, there is no inconsistency or repugnance between the facts alleged in the two causes of action or the evidence to support these causes of action. Nor is the respondent attempting to take inconsistent positions or asserting inconsistent theories as to the same facts, because the several causes of action are primarily based upon a separate state of facts. Proof in support of the trust set up in the first cause of action would not be contradictory or destructive of proof establishing the mortgage.

Moreover, as shown by the authorities above referred to, a plaintiff under some circumstances may even set up entirely inconsistent causes of action in the same complaint, where only one recovery is sought and the pleader is uncertain what the evidence may disclose. The principle of estoppel does not apply here. The plaintiff is not seeking two recoveries. In this suit it is obvious that the plaintiff can have only one recovery. If he should succeed upon trial in having the property impressed with a trust, then there would be no point in proceeding to foreclose his mortgage, because ordinarily the lesser estate would merge in the greater. If he should fail in establishing his first cause of action, then we see no sound reason which would prevent assertion and proof of the mortgage.

In the second cause of action, the plaintiff is asking for no deficiency judgment, or any judgment at all, against the appellant, but merely that the debt be ascertained and payment enforced by a sale of the mortgaged premises. We have held in several cases that in equity at least, a merger of the lesser estate into the greater will not

take place if such merger would be opposed to the interest of the person in whom the different estates or interests became united. *McCreary v. Coggeshall,* 74 S. C., 42, 53 S. E., 978, 7 L. R. A., N. S., 433, 7 Ann. Cas., 693; *McCraney v. Morris,* 170 S. C., 250, 170 S. E., 276, 95 A. L. R., 622. In accordance with this principle, the plaintiff in *McCraney v. Morris, supra,* was allowed to assert the lien of a mortgage although holding legal title to the same property covered by the mortgage.

We are unable to perceive why a complete determination of all matters in controversy between the parties should not be effected in one and the same action. To follow this course could not prejudice the appellant, but would avoid a multiplicity of suits, expedite disposition of the litigation, and minimize costs.

Judgment affirmed, with leave to the defendant to answer within twenty days after the filing of the remittitur.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.