18521

AMERICAN EQUITY LIFE INSURANCE COMPANY, Respondent,
v. Harold MILLER, Appellant

(149 S. E. (2d) 331)

108

*Messrs. Townsend & Townsend,* of Columbia, *for Appellant,*

*Messrs. Thomas E. McCutchen* and *D. Reece Williams, III,* of Columbia, *for Respondent,*

June 15, 1966.

*Per Curiam.*

This is an appeal from an order of the circuit court, which will be reported, overruling a demurrer to plaintiff's complaint. The complaint alleges separately two causes of action arising out of a single transaction wherein the defendant deposited the sum of $100,000 in an account to plaintiff's credit, contemporaneously taking an irrevocable assignment of the account as security, and receiving from the plaintiff within sixty days thereafter an additional sum of $6,242.

. In brief summary, the two causes of action are as follows. In the first, it is alleged that the said deposit was a loan, and that the additional sum received by the defendant was usurious interest thereon, to the damage of the plaintiff in the amount of $12,484, the statutory penalty for usury. The second alleges that an officer of the plaintiff corporation and the defendant entered into a conspiracy to defraud the plaintiff; that the purpose of the deposit was to enable said officer to make a false financial statement which was prepared by the said officer; guilty knowledge on the part of the defendant of the mproper nature of the transaction and that the sum of $6,242 was fraudulently extracted by the defendant from the plaintiff, to plaintiff's damage actual and punitive in the sum of $20,000.

The prayer of the complaint is in the alternative, dependent upon the proof, for either $12,484, or for $20,000 actual and punitive damages. The demurrer was on the ground that two causes of action were improperly united, in that the first cause of action is stated in affirmance of a valid contract between the parties, whereas the second cause of action is in disaffirmance of such contract.

In our view, it is unnecessary for us to even consider whether the second cause of action disaffirms the contract which is the basis of the first cause of action, because, even if it be conceded that the two causes of action are inconsistent in that respect, we then have a clear case for the proper application of the rule that a plaintiff may set up entirely inconsistent causes of action when the pleader is uncertain as to what the evidence may disclose and when only one recovery is sought. In view of the serious charges contained in the complaint against the corporate officer involved in the transaction, it is certainly clearly inferable, if not perfectly obvious, that such officer is not available as a cooperative witness and that consequently, there is grave doubt on the part of the plaintiff as to what the evidence may disclose. As between the parties to this action the precise facts of the transaction between the defendant and such

corporate officer would appear to be peculiarly within the knowledge of the defendant. The rule allowing the joinder of entirely inconsistent causes of action, under the circumstances abovementioned, is particularly applicable, where the matters, as to which plaintiff is uncertain, are peculiarly within the knowledge of the defendant. 1 C. J. S. Actions § 79, p. 1235.

We conclude that the demurrer was properly overruled and that appellant's exceptions are without merit.

Affirmed.

The Order of Judge GRIFFITH requested to be reported follows:

This matter comes before me on a demurrer of the defendant on the ground that two causes of action have been improperly united in the complaint.

The plaintiff seeks damages on the First Cause of Action for usury and in the alternative on the Second Cause of Action for fraud.

It is beyond cavil that a cause of action for usury does not rescind the contract. Section 8-5, South Carolina Code of Laws, 1962, provides that all interest be forfeited and a penalty imposed of double the amount of the usurious interest received. Thus, the first cause of action for usury is clearly a suit on the contract.

The second cause of action for fraud is also an affirmance of the contract and is not in any way inconsistent with the cause of action for usury. As our Supreme Court stated in *Turner v. Carey*, 227 S. C. 298, 87 S. E. (2d) 871, "* * * the bringing of an action for damages for fraud and deceit is an affirmation of the contract entitling the injured party, if fraud is shown, to recover such damages in the tort action as will compensate him for any loss sustained."

Our Code (Section 10-701) authorizes the joinder of causes of action in the same complaint that arise out of the same transaction. It is apparent from the complaint and the arguments of counsel that both causes of action in the com-

plaint arise out of the same transaction. "Contract and tort actions are not necessarily so inconsistent as to preclude their joinder where both arise from the same transactions connected with the subject of the action." *Stuckey v. Metropolitan Life Insurance Company,* 195 S. C. 358, 11 S. E. (2d) 391.

In *Collins v. Johnson,* 242 S. C. 112, 130 S. E. (2d) 185, the following is stated:

"This Court has said in a number of cases that one of the primary purposes for adopting the Code system of pleading was to avoid, as far as possible, a multiplicity of suits, and to enable parties to determine their differences in one action, thereby achieving resolution in a single lawsuit of all disputes arising out of common matters."

In *Tzouvelekas v. Tzouvelekas,* 206 S. C. 90, 33 S. E. (2d) 73 (1945), the court held that "causes are inconsistent so as to preclude their joinder in the same complaint, where to assert one is necessarily to negative the other; or to prove one is to destroy the other, as where one cause of action is an affirmance, and the other is a disaffirmance, of a contract (citing cases). In applying the rule of inconsistency, *a distinction is to be observed between* cases where the complaint states distinct causes which are so inherently repugnant and contradictory that the assertion of one necessarily constitutes an election, and precludes an assertion of the other; and cases where, if the complaint be regarded as in fact stating different causes of action, only one recovery is sought, and the causes are so stated because of an uncertainty as to which of them the evidence may establish or on which it may appear that plaintiff is entitled to recover."
* * * "A plaintiff under some circumstances may even set up entirely inconsistent causes of action in the same complaint, where only one recovery is sought and the pleader is uncertain what the evidence may disclose."

Here the plaintiff seeks only one recovery, depending upon the proof.

Accordingly, the demurrer is hereby overruled, and it is so ordered.