## 20544

William J. SMART, Respondent, v. CHARLESTON MOBILE HOMES, INCORPORATED and Statler Homes Manufacturing Company, Incorporated a/k/a Guerdon Industries, Inc. of which Statler Homes Manufacturing Company Incorporated a/k/a Guerdon Industries, Inc. is Appellant.

(239 S. E. (2d) 78)

*Young, Clement & Rivers,* of Charleston, *for Appellant,*

*Benjamin Goldberg,* of Charleston, *for Defendant Charleston Mobile Homes, Inc.*

*Ackerman, Woodard & Campbell,* of Walterboro *for Respondent.*

November 17, 1977.

Lewis, Chief Justice.

This is an appeal from an order sustaining a demurrer to a counterclaim upon the ground that the counterclaim may not be properly interposed in this action.

Plaintiff-respondent originally brought this action against the defendant, Charleston Mobile Homes, Inc., as the retailer, and defendant-appellant, Statler Homes Manufacturing Company, Inc., as the manufacturer, to recover damages sustained from an alleged breach of contract, breach of warranty, and misrepresentation in the sale of a mobile home to respondent. After answers were filed, Statler negotiated a settlement with respondent on the basis of a covenant not to sue. Under the settlement respondent agreed "to indemnify and hold harmless" Statler "for any amounts which may be recovered against" Statler "as a result of injuries or damages received by me (respondent)." Although respondent agreed, after the covenant not to sue, to eliminate Statler as a party defendant and served an amended complaint accordingly, as the result of subsequent motions by Charleston, respondent was required to again amend his complaint to include Statler as a party defendant so that Charleston could file a cross-complaint against Statler. Pursuant to this order of the court, respondent thereafter served an amended complaint, in which he named Statler as a party but sought recovery only against Charleston.

Thereafter Charleston answered the complaint and filed a cross-complaint against Statler. Statler then answered the cross-complaint of Charleston and filed a counterclaim against respondent alleging the covenant not to sue as a defense and seeking indemnification from respondent should

respondent recover against Charleston and Charleston recover over against Statler on its cross-action. This counterclaim was based on the indemnification and "hold harmless" clause in the covenant not to sue, referred to hereinabove.

After the filing of the counterclaim, respondent filed a reply thereto and at the same time demurred on the grounds that the cause of action alleged in the counterclaim did not accrue to Statler at the time of the commencement of this action and did not arise out of the contract set forth in respondent's complaint. No certificate of counsel was affixed to the demurrer, as required by Circuit Court Rule 18, stating that the demurrer was meritorious and not merely intended for delay.

The lower court sustained the demurrer and dismissed the counterclaim without prejudice, from which Statler has appealed.

The record contains the statement that the trial judge had no recollection of any question being raised before him concerning the concurrent serving and filing of the reply and demurrer to the counterclaim; nor was any objection raised in the lower court that the demurrer lacked the certificate of merit by counsel.

The exceptions of appellant, Statler, charge that the trial judge erred in sustaining the demurrer to the counterclaim because (1) no certificate of merit accompanied the demurrer as required by Circuit Court Rule 18; (2) the concurrent filing of a reply and demurrer to the counterclaim amounted to a waiver of the right to demur; (3) the counterclaim stated a cause of action connected with the subject of respondent's action as permitted by Section 15-15-30 of the 1976 Code of Laws; and (4) the demurrer was not based upon any ground recognized as a ground for demurrer by Section 15-13-320 of the 1976 Code of Laws.

> The first and second grounds of appeal were not raised in the lower court and are therefore waived. They cannot be raised for the first time on appeal.

The remaining objections concern the merits of the demurrer.

Appellant's (Statler's) reliance upon Code Section 15-13-320, as governing the grounds for demurrer to a counterclaim, is misplaced. Section 15-13-320 states the grounds on which a demurrer may be interposed to a complaint and has no application to the present demurrer to a counterclaim. Code Section 15-13-610 governs a demurrer to new matter contained in an answer and provides in pertinent part:

[T]he plaintiff may in all cases demur to an answer containing new matter when, upon its face it does not constitute a counterclaim or defense.

Respondent's demurrer to the counterclaim was upon the grounds that "the cause of action which Statler alleges to exist did not accrue to Statler at the time of the commencement of this action and upon the further ground that the basis of the counterclaim, if any, does not arise out of the contract set forth in the plaintiff's complaint." These allegations, in effect, charge that the cause of action set forth as new matter in the answer does not constitute a permissible counterclaim and is a proper ground of demurrer.

The remaining question then is whether the counterclaim is one that may be properly interposed in this action.

Code Section 15-13-420 permits an answer to contain a "statement of any new matter constituting a defense or counterclaim in ordinary and concise language without unnecessary repetition." Code Section 15-15-30 provides (1) that a counterclaim must arise "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action"; or (2) in an action arising on contract the counterclaim may be "any other cause of action arising also on contract and existing at the commencement of the action."

In *White v. Jackson,* 252 S. C. 274, 166 S. E. (2d) 211, a counterclaim under the foregoing Code Sections is defined as follows:

In order to sustain a counterclaim the debts must be mutual, and the demands must be subsisting causes of action such as will give to the plaintiff and defendant a simultaneous cause of action, the one against the other, at the time the suit is brought. 20 Am. Jur. (2d), Counterclaim, Recoupment, etc., Section 74, page 291. *Elliott v. Carroll,* 172 S. C. 276, 173 S. E. 908.

The cause of action alleged in the complaint arises out of a contract or agreement between respondent (plaintiff) and Charleston in which respondent agreed to buy and Charleston agreed to sell a mobile home. The counterclaim is based on an independent agreement between respondent and Statler. It was entered into subsequent to the commencement of respondent's action and subsequent to the execution of the contract upon which that action is based. In fact, respondent's final amended complaint contained no cause of action against appellant Statler. Certainly, respondent and Statler did not have simultaneous causes of action against each other at the time respondent instituted this action since the counterclaim arose thereafter. It is readily apparent that the right of recovery set forth in the counterclaim has not accrued to Statler, and whether such cause of action will ever arise is contingent upon the outcome of the action against Charleston and Charleston's cross-action against Statler.

Since the cause of action upon which the counterclaim is based did not exist at the time of the commencement of the action, it cannot be maintained. This conclusion renders unnecessary a consideration of the other grounds of appeal.

The demurrer to the counterclaim was properly sustained and the judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.