0168

ROBERT HARMON AND BORE, INC., of which Robert Harmon is, Respondent-Appellant, v. Leroy JENKINS and Leroy Jenkins Evangelistic Association, Inc., Appellants-Respondents.

(318 S. E. (2d) 371)

Court of Appeals

*C. Rauch Wise,* and *Beasley & Beasley,* Greenwood, *for appellants-respondents.*

*James D. Jefferies,* Greenwood, *for respondent-appellant.*

Heard Feb. 2, 1984.

Decided May 7, 1984.

GOOLSBY, Judge:

In this contract action, the questions on appeal relate to the sufficiency of a memorandum included in an answer to take a lease agreement out of the statute of frauds, to part perfor-

mance, and to a required election between causes of action. Judgment was entered for the plaintiff Robert Harmon against the defendants Leroy Jenkins and Leroy Jenkins Evangelistic Association, Inc. Jenkins and the Association appeal as does Harmon.

Harmon and Bore, Inc., brought suit against Jenkins and the Association to recover damages on one cause of action for services allegedly performed in designing and originating a restaurant on certain property in the City of Greenwood known as Abbey Mall and on another cause of action for breach of an alleged oral contract to lease the premises at Abbey Mall.

Jenkins and the Association denied liability in their answer. They also asserted the statute of frauds explaining:

> ... that during the course of remodeling ... Abbey Mall, Jenkins entered into discussions with ... Harmon relative to the possibility of [the] premises being leased to ... Harmon; that although the terms of the contemplated lease were never fully agreed upon, it was contemplated by the parties that such proposed lease would be for a period of five (5) years at a rental of Four Thousand Five Hundred ($4,500.00) Dollars per month, such terms, together with such further terms as may have been agreed upon were to be reduced to a formal written agreement: that ... Jenkins made arrangements to meet with ... Harmon and an attorney for the purpose of having a written lease prepared and executed, but no ... written lease agreement was ever executed by either of the parties.

At trial, the court dismissed Bore as a party and required Harmon to elect between his two causes of action. A jury awarded Harmon Twenty Five Thousand ($25,000.00) Dollars

---

[1] Section 32-3-10 of the South Carolina Code of Laws (1976) provides in part as follows:

No action shall be brought whereby:

. . . .

(4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interst in or concerning them; ...

Unless the agreement upon which such action shall be brought ... shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.

actual damages on the breach of contract claim. The court denied motions by Jenkins and the Association for nonsuit, directed verdict, and judgment *non obstante veredicto (n.o.v.).*

## I.

Jenkins and the Association first contend that the trial court erred in holding that their answer constituted a sufficient writing to satisfy the statute of frauds[1] because their answer does not admit the contract and because the answer does not spell out all the essential terms and conditions of the alleged lease.

In South Carolina, a pleading admitting a parol agreement that is within the statute of frauds may constitute a sufficient writing within the statute so as to enable the court to enforce the contract [*Smith v. Brailsford,* 1 S. C. Eq. (1 Desauss.) 350 (1974)]; however, the pleading must be sufficiently definite and certain and it must be signed by the party to be charged or by his agent or attorney on his behalf. *Walker v. Preacher,* 188 S. C. 431, 199 S. E. 675 (1938); *see also* 72 Am. Jur. (2d) *Statute of Frauds* § 307 at 826 (1974). A pleading can be regarded as a sufficient writing within the statute even if the pleader at the same time sets up and relies upon the statute as a defense. *Wallace v. Dowling,* 86 S. C. 307, 68 S. E. 571 (1910). To be sufficient, the alleged oral contract must be substantially the same as the contract purportedly admitted in the pleading.

> The written admission must contain all the essential elements of the contract, and the terms and conditions must be stated with reasonable certainty, that is, all material parts must be contained in the memorandum, and it is insufficient where it omits an essential term. [Citation omitted.] It is obvious that the terms stated or admitted must be those mutually agreed to by the parties. Otherwise there is no complete agreement.

*Walker v. Preacher,* 199 S. E. at 677; 72 Am. Jur. (2d) *Statute of Frauds* § 339 at 862 (1974).

As to a writing relied on to establish a lease agreement in particular, the writing "must embody all the essential and material parts of the lease contemplated to be thereafter executed with such clarity and certainty as to show

that the minds of the parties had met on all material terms and with no material matter left for future agreement or negotiation." *Id.* § 341 at 865. The essential terms and conditions of a lease agreement include a definite agreement as to the extent and boundary of the property to be leased, a definite agreement as to the terms of the lease, and a definite agreement as to the rental and the time and manner of its payment. *Id.; see also* Annot., 16 A.L.R. (2d) 621 at 624 (1951). A writing may be rendered insufficient under the statute if the writing "shows that some other term or condition material to the lease, though not essential to a valid lease, has not been fully agreed upon by the parties but has been left for further negotiation or agreement." 72 Am. Jur. (2d) *Statute of Frauds* § 341 at 865; *see also* Annot., 16 A.L.R. (2d) 621 at 624 (1951).

As we read the memorandum relied on by Harmon to establish the lease agreement, Jenkins and the Association do not admit an agreement existed between them and Harmon to lease Abbey Mall. To the contrary, they expressly deny entering into any lease with him. Jenkins and the Association admit only to holding discussions with Harmon. In *Smith v. Brailsford, supra,* the defendant acknowledged the oral agreement in his answer. The answer clearly and unequivocally admitted the oral agreement in *Wallace v. Dowling, supra.* Here, the answer of Jenkins and the Association contains no such admission or acknowledgment. Without an admission or an acknowledgment by Jenkins and Association in the answer that the parol contract sued on was entered into, there is " 'no assent in writing, as overrules [their] plea of the statute of frauds.' " *Smith v. Brailsford,* 1 S. C. Eq. (1 Desauss.) at 352; *see* Annot. 22 A.L.R. 723 (1922).

Moreover, while the purported memorandum sufficiently identifies the premises to be leased, defines a term, and prescribes a rental and time and manner of its payment, the memorandum clearly manifests that these constituted contemplated terms and conditions merely and that additional terms and conditions remained to be negotiated and agreed upon. For example, nowhere does the memorandum specify when the five-year term would begin.

Under these circumstances, then, we cannot agree with the trial court that the answer of Jenkins and the

Association provided a sufficient memorandum to remove the agreement from the statute of frauds.

## II.

The trial judge in denying the motions by Jenkins and the Association for judgment *n.o.v.* concluded that part performance took the agreement out of the statute of frauds. Citing *White v. McKnight,* 146 S. C. 59, 143 S. E. 552 (1928), another circuit judge, the Honorable Francis Nicholson, however, ruled earlier in the case upon motion by Jenkins and the Association for summary judgment that the doctrine of part performance would "not permit the recovery of damages in an action at law for the breach of an oral contract obnoxious to the Statute of Frauds." Harmon does not appeal Judge Nicholson's ruling.

The trial judge ruled on the question of whether the doctrine of part performance can serve to remove an oral agreement from the statute of frauds on the authority of *Leventis v. Acciardo,* 256 S. C. 437, 182 S. E. (2d) 726 (1971). In *Leventis,* the Supreme Court ruled the issue should not be decided on a demurrer. Here, the issue was before Judge Nicholson on a motion for summary judgment and not on a demurrer.

Rule 60 of the Rules of Practice for the Circuit Courts of South Carolina[2] prohibits a subsequent application for relief before a second judge after refusal by another judge. *See Andrick Development Corp. v. Maccaro,* 311 S. E.(2d) 95 (S. C. App. 1984). In this instance, Judge Nicholson held that part performance could not remove the parol contract from the statute. His ruling became the law of the case; and since Harmon chose not to appeal it, he is bound thereby.

In any event, we agree with Judge Nicholson. The case of *White v. McKnight, supra,* clearly controls. As the Supreme Court said in *White,* speaking through Mr. Justice Cothran:

---

[2] Circuit Court Rule 60 provides:

If any application for an order be made to any Judge and such order be refused in whole or in part or be granted conditionally or on terms, no subsequent application upon the same state of facts shall be made to any other Judge, and if upon such subsequent application any other be made, it shall be revoked; and in the affidavit for such order the party or his attorney shall state whether any previous application for such order has been made.

> It thus appearing that it is impossible to maintain an action at law for damages on account of the breach of a parol contract obnoxious to the statute, by virtue of alleged part performance of the contract, the evidence tending to establish the claim of the plaintiff to such part performance becomes entirely negligible; however convincing it may be and however clearly referable exclusively to the parol contract, it "availeth nothing."

143 S. E. at 555. The trial judge, therefore, improperly used the doctrine of part performance as a basis for denying the motion by Jenkins and the Association for judgment *n.o.v.* as to the cause of action for breach of contract, "an action strictly cognizable *at law." Id.* at 553. [Emphasis theirs.]

The record on appeal contains no evidence of written ■ proof of the alleged lease agreement; and without evidence of that sort, Harmon's action for breach of contract must fail. We note, however, the reference by Harmon to certain written notes from an attorney representing Jenkins and the Association that purportedly reflect the lease agreement between the parties. But the notes were not published at trial. Although marked for identification apparently they were never introduced. In any case, the notes were neither reproduced nor otherwise included as part of the record on appeal. Furthermore, the trial judge makes no mention of them in denying the judgment *n.o.v.* motion. Because the notes do not constitute a part of the record on appeal, they cannot be considered. *See Patterson v. Western Union Telegraph Co.*, 89 S. C. 9, 71 S. E. 235 (1911); *Wilson v. American Casualty Co.*, 252 S. C. 393, 166 S. E. (2d) 797 (1969); 4 Am. Jur. (2d) *Appeal and Error* § 527 (1962); 4A C. J. S. *Appeal and Error* § 1168 (1957); *see also Germain v. Nichol*, 278 S. C. 508, 299 S. E. (2d) 335 (1983). The trial court erred, we hold, in refusing the motions by Jenkins and the Association for a nonsuit directed verdict, and judgment *n.o.v.* The judgment against them, therefore, is reversed.

### III.

Harmon appeals from the order of the trial court requiring him to elect between the two causes of action separately alleged in his complaint. He elected to proceed on the cause of action that alleged a breach of contract.

Harmon couches his argument in terms of "election of remedies" and quotes at length from *White v. Livingston*, 234 S. C. 74, 106 S. E. (2d) 892 (1959) and *Ebner v. Haverty Furniture Co.*, 138 S. C. 74, 136 S. E. 19 (1926). An election of remedies involves a choice between different remedies afforded by law for the same injury. *Tzouvelekas v. Tzouvelekas*, 206 S. C. 90, 33 S. E. (2d) 73 (1945); *Walker v. McDonald*, 136 S. C. 231, 134 S. E. 222 (1926) (instructive discussion concerning inconsistency and election of remedies and causes of action). The principle has no application where two separate causes of action, each based on different facts, exist. *See American Equity Life Ins. Co. v. Miller*, 248 S. C. 107, 149 S. E. (2d) 331 (1966).

Jenkins and the Association argue, however, that the trial court properly required Harmon to elect because Harmon's action for services allegedly performed in designing and originating the restaurant is inconsistent with his action for breach of contract to lease Abbey Mall. We disagree.

The Supreme Court said in *Tzouvelekas:*

> Causes are inconsistent ... where to assert one is necessarily to negative the other, or to prove one is to destroy the other, as where one cause of action is an affirmance, and the other a disaffirmance, of a contract. [Citation omitted.]
>
> In applying the rule of inconsistency, a distinction is to be observed between cases where the complaint states distinct causes which are so inherently repugnant and contradictory that the assertion of one necessarily constitutes an election, and precludes an assertion of the other; and cases where, if the complaint be regarded as in fact stating different causes of action, only one recovery is sought, and the causes are so stated because of an uncertainty as to which of them the evidence may establish, or on which it may appear that plaintiff is entitled to recover. [Citation omitted.]

33 S. E. (2d) at 74.

Here, Harmon's first cause of action is in the nature of *assumpsit* upon a *quantum meruit* for the reasonable value of services and the second for breach of contract to lease a building. The former is based on a contract implied

by law [*see* 66 Am. Jur. (2d) *Restitution and Implied Contracts* § 61 at 1007 (1973); *see also* 73 Am. Jur.(2d) *Statute of Frauds* § 537 *et seq.* at 173-98 (1974)] and the latter on an express contract. Harmon's action upon a *quantum meruit* arises only because the statute of frauds renders the oral contract to lease Abbey Mall unenforceable. Both causes of action owe their origin to the same set of circumstances.

We discern no inconsistency between the first and second causes of action; rather, we see two different causes of action and a right to but a single recovery. The two actions are included because of an obvious uncertainty, in view of the statute of frauds, as to which cause of action Harmon would be able to prove or recover on.

> As a general rule, a plaintiff, when uncertain as to which of two or more grounds of recovery he will be able to prove, is allowed to present his claim by separate counts so framed as to meet the exigencies of the case as it may develop at trial, and although he has only a single cause of action arising from a single transaction, he will not be required to elect upon which count he will stand.

61A Am. Jur. (2d) *Pleading* § 223 at 221 (1981); *see City of Columbia v. Seaboard Air Line R. Co.*, 158 S. C. 511, 155 S. E. 841 (1930); *Jenkins v. Southern Ry.—Carolina Division*, 152 S. C. 386, 150 S. E. 128, 66 A.L.R. 416 (1929). We therefore reverse the trial court's order requiring Harmon to elect between his causes of action and remand the cases for trial upon the cause of action on a *quantum meruit. See Staples v. Esary*, 130 Wash. 521, 228 P. 514 (1921) (Where court held that a plaintiff may predicate a right of recovery either upon an express contract or upon an implied one on a *quantum meruit* without being subject to an election).

Reversed and remanded.

GARDNER and CURETON, JJ., concur.