22867

FRANKE ASSOCIATES, A Limited Partnership, By Harold SIMMONS and Fred C. Smith, Jr., as its General Partners, Appellants v. Robert B. RUSSELL and First Federal Savings and Loan Association of South Carolina, Respondents.

(368 S. E. (2d) 462)

Supreme Court

*Morris D. Rosen* and *H. Brewton Hagood* of *Rosen, Rosen & Hagood,* Charleston, *for appellants.*

*Claron A. Robertson, III* of *Buist, Moore, Smythe & McGee,* Charleston, *for respondent Robert B. Russell.*

*W. Jefferson Leath, Jr.* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent First Federal Sav. and Loan Ass'n of South Carolina.*

Heard Jan. 18, 1988.

Decided May 9, 1988.

FINNEY, Justice:

Appellant Franke Associates, a limited partnership, through its general partners, Harold Simmons and Fred C. Smith, Jr., brought suit against respondents Robert Russell and First Federal Savings and Loan Association of South Carolina (First Federal) for monies allegedly due for condominium unit improvements. Franke Associates alleged three causes of action in its complaint: (1) a mechanic's lien foreclosure, (2) breach of contract, and (3) unjust enrichment and/or quantum meruit. The trial court granted respondents' motion for summary judgment on the mechanic's lien cause of action. With respect to the second and third causes of action, the trial court ruled at the close of all the evidence that appellant was required to elect between the causes of action for breach of contract and quantum meruit. Subject to its objection, appellant elected to proceed on the breach of contract cause of action. The jury returned a verdict in favor of respondent Russell. We affirm in part, reverse in part and remand this case for a new trial.

Smith, Simmons & Associates, a general partnership formed by Fred C. Smith and Harold Simmons, acquired a warehouse in 1981 known as the "Franke Building." The partnership determined that the warehouse should be renovated and converted into an office condominium complex. The plan was for a newly formed limited partnership, Franke Associates, to purchase the unimproved building from Smith, Simmons & Associates, make renovations, and sell the office condominium units. The purchasers of the condominiums would, in turn, become limited partners in Franke Associates.

In November, 1983, Russell negotiated with Smith and Simmons for the sale of three office condominium units for

$660,000. Rather than pay Franke Associates $660,000, the transaction was restructured and modified from the original development plan so that Russell could effect a tax-free exchange. In particular, Smith, Simmons & Associates did not sell the unimproved warehouse solely to Franke Associates, but sold Russell a twenty-five percent undivided interest in the warehouse for $660,000 and subsequently effectuated an agreement under which Russell was to pay an additional $210,750.

Russell then agreed to transfer his twenty-five percent interest in the Franke Building in exchange for three office condominiums. On December 27, 1984, Russell acquired title to the condominiums with First Federal as the mortgagee.

Thereafter Franke Associates demanded that Russell pay additional consideration of $750,000, which it asserts is the cost for renovating the condominium office units. Russell asserts that he had a fixed-price agreement, which was not to be affected by renovation costs, and that $850,750 is the total cost of his units as evidenced in the deed. Conversely, appellant argues that Russell agreed to pay Franke Associates the cost of renovating his three units. As a result of this factual dispute, Franke Associates initiated this lawsuit to recover $750,000 renovation costs from respondents.

First, appellant argues that the trial court erred in granting First Federal's motion for summary judgment and Russell's motion for partial summary judgment as to the mechanic's lien foreclosure cause of action, contending that there exists a genuine issue of material fact.

Section 29-5-90 of the South Carolina Code of Laws states that a person seeking to assert a mechanic's lien must file notice of such within ninety days after he ceases to labor or furnish labor or materials for a building. S. C. Code Ann. § 29-5-90 (1976). Appellant claims it is entitled to a mechanic's lien for the value of the labor and materials associated with renovation costs to Russell's units. These costs were incurred prior to May 10, 1985.

The record indicates that the mechanic's lien, notice and certificate were filed on August 29, 1985, nineteen days after expiration of the ninety-day statutory filing period. *See, e.g.,* *Shelley Constr. Co. v. Seagarden Homes, Inc.,* 287 S. C. 24, 336 S. E. (2d) 488 (1985); *Hodge v. First Federal Sav. & Loan*

*Assn.*, 267 S. C. 270, 227 S. E. (2d) 310 (1976). We concur with the circuit court's ruling that appellant's lien was barred because it was not filed within the requisite ninety-day period.

Next, appellant argues that the trial court erred by requiring them to elect, prior to the submission of the case to the jury, between the remedies for breach of contract and quantum meruit. We agree.

Prior to trial, respondent Russell moved to require appellant to elect between the two causes of action. The court denied respondent's motion. At the close of appellant's case, respondent motioned for a directed verdict on the quantum meruit cause of action. The court denied the motion. Respondent made a subsequent motion to require an election between the causes of action for breach of contract and quantum meruit prior to closing argument. After considerable debate and with obvious concern, the trial court granted respondents' motion, and appellant elected to proceed on the breach of contract theory.[1]

Whether the trial judge erred in requiring appellant to elect between causes of action prior to closing argument because of the case's complexity is a novel issue. Rule 8(e)(2) of the South Carolina Rules of Civil Procedure permits a party to plead inconsistent causes of action but is silent on whether a plaintiff must elect between remedies emanating from inconsistent causes of action.

"[O]ur law has traditionally focused on inconsistency of

---

[1] After a lengthy dialogue with counsel for both parties, the trial judge announced his decision to require Franke Associates to elect between breach of contract and quantum meruit:

... on the record, I am stating at this time based upon a motion by counsel for the defense to require the plaintiff to elect, the court is going to require the plaintiff to elect as to his cause of action: either in quantum meruit, or in the contract. The court exercises and makes that decision with great consideration ... I feel like I must exercise discretion that is placed upon me to do that for a number of reasons. Those reasons from my perspective are that because of the facts in the case and the causes of action that the court has worked hard on trying to figure out a way to instruct the jury so as not to confuse the jury and as well as not to create a situation where one party gets charged out because of it. I feel that it's my opinion that I should exercise my discretion and require the plaintiff to elect as to which cause of action they will proceed under, and I make that decision at this time.

causes of action as a basis for requiring an election." *Harper v. Ethridge*, 290 S. C. 112, 120, 348 S. E. (2d) 374 (Ct. App. 1986); *see also Tzouvelekas v. Tzouvelekas*, 206 S. C. 90, 33 S. E. (2d) 73 (1945). However, the progeny of cases involving election between causes of action primarily address the issue of requiring an election prior to trial. *See, Tzouvelekas v. Tzouvelekas, supra; Harper v. Ethridge, supra; H. G. Hall Const. Co. v. J. E. P. Enterprises*, 283 S. C. 196, 321 S. E. (2d) 267 (Ct. App. 1984); *Harmon v. Jenkins*, 282 S. C. 189, 318 S. E. (2d) 371 (Ct. App. 1984); *Boardman v. Lovett Enterprises, Inc.*, 283 S. C. 425, 323 S. E. (2d) 784 (Ct. App. 1984). While no case is directly on point with respect to requiring an election prior to closing argument, the Court of Appeals in *Harper v. Ethridge* held that it is within a trial judge's discretion to decide when it is appropriate to require a party to elect his remedy. 348 S. E. (2d) 374. The court further held that if a party's causes of action are so inconsistent as to be repugnant, he may be required to make an election. However, if a party pleads different causes of action but seeks only one recovery, he need not elect between causes of action. *Id.; see also H. G. Hall Const. Co. v. J. E. P. Enterprises, supra.*

In the instant case the trial court, as a matter of discretion, required appellant to elect to proceed either upon quantum meruit or breach of contract claim. The trial judge required an election because in his judgment, the assertion of inconsistent causes of action and the complexity of the case made it likely that jury confusion in determining liability or measuring damages would result. *Harper v. Ethridge, supra.* We agree that this is, indeed, a complicated case. In our opinion, however, the facts of this case were particularly suited to allow the jury to consider both theories of recovery. Therefore, no election was necessary. *See, e.g., Harmon v. Jenkins, supra; see also, Rader v. Marx & Associates, Inc.*, 142 Ga. App. 97, 235 S. E. (2d) 690 (1977); *Benn v. McBride*, 140 Ga. App. 698, 231 S. E. (2d) 438 (1976).

We reach this result for two reasons. First, by focusing on the inconsistency of the causes of action as the law dictates rather than upon the nature or complexity of the case, we perceive no such inconsistency between this quantum meruit claim and the breach of contract claim which would necessi-

tate an election. *Harmon v. Jenkins*, 318 S. E. (2d) at 376. In fact, we find in this instance that the breach of contract claim and quantum meruit claim are alternative rather than inconsistent remedies. In *McMahan v. McMahon*, 122 S. C. 336, 115 S. E. 293 (1922), this court stated:

> When a certain state of facts under the law entitled a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies, though they may not be able to stand together; the enforcement of the one remedy being a satisfaction of the parties' claim.

*Id.*, at 342, 115 S. E. at 295.

Indeed, we find no patent inconsistency between the breach of contract and quantum meruit claims in this case. There would be inconsistency only if appellant were to prevail under both causes of action for a single injury and double recovery were permitted. *See* 5A Corbin, Contracts § 1223 (1964).

Second, because appellant's causes of action were so related, the evidence underlying the claims was similar and appellant sought only one recovery, it was not required to make an election but, rather, was entitled to the opportunity to pursue both remedies in good faith. As an example of the interrelationship of the evidence and uncertainty as to the appropriate remedy, appellant introduced contractual documents and amendments to the limited partnership agreement as evidence to form the basis of an express contract. At the same time, appellant concedes that a jury could have found that there was no express written or agreed-upon price for renovations due to the modifications and restructuring of the transaction.

Notwithstanding the jury's finding that there was no express contract stating the amount of renovation costs, there existed evidence to support a finding that appellant had an implied agreement with Russell to renovate the units at the latter's expense. If this were the case, Franke Associates would be entitled to quantum meruit recovery. *See Braswell v. Heart of Spartanburg Motel*, 251 S. C. 14, 159 S. E. (2d) 848 (1968).

Accordingly, we reverse the trial court's decision and re-

mand this case for a new trial upon the quantum meruit cause of action.

Appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed in part, reversed in part; and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.